485 A.2d 903

Darlene K. Thomas, Petitioner *v.* APSCUF, and Commonwealth of Pennsylvania (Lock Haven University) and Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondents.

Submitted on briefs October 15, 1984, to Judges ROGERS, DOYLE and COLINS, sitting as a panel of three.

*Darlene K. Thomas,* petitioner, for herself.

*Elliot A. Strokoff, Handler and Gerber, P.C.,* for respondent, APSCUF.

*James L. Crawford,* with him, *Kathryn Speaker MacNett,* for respondent, Pennsylvania Labor Relations Board.

*Nathan C. Pringle, Jr.,* Assistant Counsel, with him, *John D. Raup,* for intervenor, Commonwealth of Pennsylvania.

OPINION BY JUDGE DOYLE, January 4, 1985:

Darlene K. Thomas (Petitioner) appeals from an order of the Pennsylvania Labor Relations Board (Board) which dismissed her charge of unfair practices as untimely filed.

Petitioner was employed as a professor of anthropology at Lock Haven State College (College). On September 4, 1980, the College dismissed Petitioner after she refused to teach an additional course in basic anthropology as assigned. Petitioner filed a grievance through her bargaining unit, the Association of Pennsylvania State College and University Faculties (APSCUF). After an arbitration hearing attended by Petitioner on October 27, 1981, the arbitrator dismissed the grievance, concluding that Petitioner's refusal to teach the course assignment constituted just cause for her termination.

On April 26, 1982, Petitioner filed a charge of unfair practices with the Board, alleging that her termination was the result of collusion between the College and

three local APSCUF members. Both the Commonwealth and APSCUF filed motions to dismiss, alleging that the charge was not timely filed. Hearings were held on October 4, 1982, and on January 4, 1983. At the January 4 hearing, the hearing examiner granted a motion to bifurcate the trial, and consider only the issue of timeliness. After receiving testimony limited to this issue, the hearing examiner dismissed the charge as untimely filed, and did not reach the merits of the case. Petitioner's exceptions to the determination were dismissed by the Board, which upheld the hearing examiner's decision on January 26, 1983.[1] Appeal to this Court followed.

Before us initially is APSCUF's motion to dismiss based upon Petitioner's failure to comply with the Rules of Appellate Procedure with respect to the filing of her brief and reproduced record. We agree with APSCUF that Petitioner's brief is unclear and lacks the proper form required.[2] In addition, Petitioner has filed no reproduced record, but has instead filed an "appendix" which fails to include relevant portions of the transcript before the Board, and contains many documents not of record.[3] The Appellate Rules relating to the form and content of briefs and reproduced records are mandatory, and substantial defects in these documents, such as are present in this case, may result in the quashing or dismissal of the appeal.[4] Pa. R.A.P. 2101; *Pennsylva-*

---

[1] In addition to affirming that the charge was not timely filed, the Board noted that the allegations in the charge did not constitute an unfair practice under the holding in *Ziccardi v. Department of General Services*, 500 Pa. 326, 456 A.2d 979 (1982).

[2] Pa. R.A.P. 2111.

[3] Pa. R.A.P. 2152, 2153.

[4] We note that Petitioner is not excused from filing a reproduced record simply because of her *pro se* status. There has been no application to proceed in *forma pauperis*, or to otherwise be excused due to the cost involved. *See* Pa. R.A.P. 2151(b), 2151(d).

*nia Human Relations Commission v. Ammon K. Graybill Jr., Inc., Real Estate,* 482 Pa. 143, 393 A.2d 420 (1978). While we in no way wish to condone Petitioner's non-compliance, we conclude that, for purposes of this case, the defects in the brief and reproduced record are not of such magnitude as would preclude effective exercise of our appellate review. *Compare Commonwealth v. Sanford,* 299 Pa. Superior Ct. 64, 445 A.2d 149 (1982). For this reason alone, we deny APSCUF's motion to dismiss and elect to reach the merits of the case.

Petitioner contends that the Board erred in determining that her charge of unfair practices was untimely filed.[5] Section 1505 of the Public Employe Relations Act,[6] 43 P.S. §1101.1505, states, in pertinent part:

> No petition or charge shall be entertained which relates to acts which occurred or statements which were made more than four months prior to the filing of the petition or charge.

Petitioner bases her charge of collusion on a meeting held on September 4, 1980 between the College administration and several local union leaders. Petitioner asserts that at that time the union leaders agreed with the College's decision to terminate her. Petitioner's sole basis for this assertion is the testimony of College President Francis N. Hamblin, given at the October 27, 1981 arbitration hearing, in which he stated that the decision to terminate was with the "unanimous concurrence" of the group in attendance at the meeting. Petitioner was present throughout the arbitration hearing and admits to having heard Hamblin's testimony in this

[5] Our scope of review is limited to a determination of whether the factual findings of the Board are supported by substantial evidence and whether the conclusions of law are reasonable. *Commonwealth v. Pennsylvania Labor Relations Board,* 502 Pa. 7, 463 A.2d 409 (1983).

[6] Act of July 23, 1970, P.L. 563, *as amended.*

regard. Thus, the facts upon which Petitioner bases her charge were known to her at least as of the date of the arbitration hearing, some six months prior to her charge being filed.

Petitioner argues, however, that the four-month statute of limitation in Section 1505 should run from February 6, 1982, the date she received the arbitrator's decision, because it was not until this time that she "realized" that Hamblin's testimony had been considered a "significant factor" by the Arbitrator in reaching his decision. This argument is without merit. While the statute of limitations may be tolled on the basis of *later-discovered* evidence, a charge cannot be based on evidence which has been in Petitioner's possession for more than four months. *See Nyo v. Pennsylvania Labor Relations Board,* 53 Pa. Commonwealth Ct. 646, 419 A.2d 244 (1980). Petitioner does not deny that she was aware of Hamblin's testimony on October 27, 1981. The fact that she was not aware of the *significance* of the testimony until she later received the arbitrator's adverse decision does not make the testimony "later discovered." Such a fact is therefore irrelevant for purposes of computing the four-month period.

Since Petitioner's charge was based upon statements known to her six months prior to the filing of the charge, it was filed in excess of the four-month statute of limitations and was properly dismissed as untimely filed.

Petitioner also alleges that she was prejudiced by the hearing examiner's decision to bifurcate the issues at the January 4, 1983 hearing, and limit the testimony to the issue of timeliness. The Board's regulations clearly allow for the bifurcation of issues in cases such as this where preliminary jurisdiction questions are raised.[7] In addition, a review of the record indicates that there was

---

[7] 34 Pa. Code §95.91(e).

no prejudice in this case. Petitioner was allowed to testify and call five witnesses at the October 4, 1982 hearing before the trial was bifurcated. Petitioner was aware of the motion to bifurcate the hearing on October 4, but made no objection when it was granted on January 4, 1983, and instead presented additional testimony limited to the timeliness issue.

For the foregoing reasons, we conclude that the Board committed no error in dismissing Petitioner's complaint as untimely filed. Accordingly, we affirm.

### ORDER

NOW, January 4, 1985, the order of the Pennsylvania Labor Relations Board in the above referenced matter, dated January 26, 1984, is hereby affirmed.