610 A.2d 1069

**ERIEVIEW CARTAGE, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent (Six Cases).**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided Jan. 7, 1991.

Publication Ordered June 22, 1992.

Frederic M. Wilf and Gerry J. Elman, for petitioner.

Michael A. Roman, Eugene J. Anastasio and Bryan E. Barbin, for respondent.

Before PALLADINO and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

PALLADINO, Judge.

Erieview Cartage, Inc. (Erieview) appeals an order of the Board of Finance and Revenue (Board), which denied Erieview's six administrative appeals of six tax settlement reports issued by the Department of Revenue (Department) pursuant to Section 401(1) of the Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7401(1).

Erieview, a Delaware corporation which provides transportation services, filed a Corporate Net Income Tax report and a Franchise Tax report with the Department for each of the taxable years 1980, 1981 and 1982. The Department issued six tax settlement reports, imposing taxes on Erieview for these years.

Erieview appealed the six reports to the Board, taking the position that it was not subject to taxation in Pennsylvania because it operated in Pennsylvania solely with equipment leased from independent owner-operators, who supplied trucks, drivers, fuel, insurance, and maintenance. Erieview also maintained it was not subject to the taxes because the transportation services provided in Pennsylvania were not intrastate. The Board denied the appeals. Erieview filed six appeals to this court, which we consolidated.

In support of its consolidated appeals, Erieview has filed one brief, the deficiencies of which we find necessary to address. Erieview's brief does not contain a statement of jurisdiction, order or determination in question, statement of questions involved, or summary of argument.

Pa. R.A.P. 2111(a) states in pertinent part:

**(a) General Rule.** The brief of the appellant, except as otherwise proscribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of questions involved.

(4) Statement of the case.

(5) Summary of argument.

(6) Argument of appellant.

(7) A short conclusion stating the precise relief sought.

Erieview's brief does not conform to the mandatory requirements of rule 2111(a) and does not provide the necessary information for this court to perform a meaningful review.

Accordingly, we dismiss the appeals.[1]

ORDER

AND NOW, January 7, 1991, the appeals of Erieview Cartage, Inc., in the above-captioned matters are dismissed.

---

1. *See Thomas v. APSCUF et al.,* 101 Pa. Commonwealth Ct. 174, 485 A.2d 903 (1985).