609 A.2d 858

**WETTERAU, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MIHALJEVICH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided May 12, 1992.

---

56

Irvin S. Bails, for petitioner.
Paul G. Kay, for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Wetterau, Inc., the employer, appeals from an order of the Workmen's Compensation Appeal Board (the Board) which reversed the decision of a referee dismissing both a reinstatement petition and a review petition filed by the claimant, John Mihaljevich. As we believe the Board erred, we must reverse its order and reinstate the order of the referee.

In 1984, while working for the employer as a warehouseman, the claimant injured his ankle. Surgery to repair the injured ankle was performed by Dr. Scott Baron in January of 1985. The claimant collected benefits for total disability pursuant to a notice of compensation payable until returning to light duty work on June 30, 1986, with no loss of earnings. At that time, the parties entered into a supplemental agreement which suspended the claimant's benefits. In November of 1986, the claimant was able to perform his time of injury job duties.[1] While the claimant did resume his time of injury job, he asserted that he continued to have pain in the injured ankle. Neither Dr. Baron nor Dr. Richard Collins, to whom the claimant was referred by Dr. Baron, could find any physical evidence which would indicate that the claimant's ankle was unstable. The claimant eventually saw Dr. Mark Myerson in March of 1987. Upon his recommendation, the claimant had additional surgery performed on the ankle in April of 1987. The claimant did not return to work for any of the period which is involved in this litigation.

In September of 1987, the claimant filed two petitions, one which sought reinstatement of benefits and the other sought to compel the employer to pay for the medical expenses associated with the surgery performed by Dr. Myerson. The petitions were consolidated, hearings were held and depositions were taken. The referee denied both petitions finding that the surgery performed by Dr. Myerson was not related to

---

1. The employer never sought an order terminating the claimant's benefits at the time he began performing his time of injury duties.

the work injury of 1984. The referee also held that since the claimant was capable of returning to his full time job as of May 9, 1988, the benefits should be terminated as of that date. The claimant then took an appeal to the Board which reversed the referee. The Board reviewed the record and determined that the employer never took the position that the surgery performed by Dr. Myerson was *unrelated* to the initial injury at work; according to the Board, the employer's position throughout was that the surgery was *neither necessary or reasonable*. The Board thus held that the referee erred in refusing to reinstate benefits as of the date of Dr. Myerson's surgery. It also concluded that there was no substantial evidence to support the referee's finding that the claimant was capable of returning to his pre-injury job as of May 9, 1988. Relying upon the claimant's own admission that he was capable of doing his pre-injury job as of December 26, 1988, the Board ordered that claimant's benefits be terminated as of the later date. Finally, the Board held that the referee erred in refusing to require the employer to pay for the medical expenses related to Dr. Myerson's surgery because of holdings of this Court that a referee cannot retroactively authorize an employer to pay for even unreasonable and unnecessary medical expenses. The employer sought this Court's review.

█ Our scope of review is limited to determining, *inter alia,* if an error of law was committed and that all necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Given the applicable burdens of proof involved and the evidence presented in this case, we have no choice but to reverse the Board's order. In analyzing this case, we believe it is crucial to keep in mind that we have two separate petitions, each of which must be viewed individually. We will first deal with the claimant's petition to reinstate benefits. In this instance, the claimant bears the burden of proving his entitlement to relief; what must be proven depends on whether his benefits had previously been suspended or terminated. *Pieper v. Ametek–Thermox Instruments,* 526 Pa. 25, 584 A.2d 301 (1990). When benefits have been terminated, the claimant is

required to prove that the current disability has been caused by the prior work related injury. *D.P. "Herk" Zimmerman, Jr. v. Workmen's Compensation Appeal Board (Himes),* 103 Pa.Commonwealth Ct. 68, 519 A.2d 1077 (1987). Where, as in the present case, benefits had previously been suspended the claimant's burden is less onerous because it is presumed that the requisite causal connection exists. *Pieper.* As the Supreme Court has stated when describing the claimant's burden in these cases:

> First, he must prove that through no fault of his own his earning power is once again adversely affected by his disability. And Second, that the disability which gave rise to his original claim, in fact, continues. He need not reprove that the disability resulted from a work related injury during his original employment, since its cause has never been at issue. However, because of the passage of time, the law does require that he prove by a preponderance of the evidence that it is the same disability that the law presumes occurred during his original employment and for which he initially received workmen's compensation benefits.

*Id.,* 526 Pa. at 34, 584 A.2d at 305 (citation and footnote omitted).

■ In applying these principles to the present case, it is clear that the claimant was not required to prove that his disability was work related *as long as the present disability is the same from which he suffered at the time of the original work related injury.* As the claimant had been doing his time of injury job before Dr. Myerson performed the surgery, the claimant, by necessity, was required to prove that Dr. Myerson's surgery was necessary to repair damage from the original injury. Put another way, the claimant was required to prove that Dr. Myerson's surgery was related to the original work injury. Because this fact requires expert medical testimony, it must be proven by unequivocal medical evidence. *Borough of Media v. Workmen's Compensation Appeal Board (Dorsey),* 134 Pa.Commonwealth Ct. 573, 580 A.2d 431 (1990). For the following reason, we believe we are required to hold that the claimant has failed to sustain his burden of proof on his reinstatement petition.

On direct examination, Dr. Myerson offered the following testimony:

Q: Taking into consideration the history of the case, your examinations, the operation and the treatment, can you say to a reasonable degree of medical certainty what the cause of the injury was?

A: Yes, I can. The injury to the ankle and joint underneath the ankle was caused by some traumatic event. Now, I do not have or did not have the benefit of examining the patient in the first few years after his work related injury of October, 1984. However, he did not reinjure the ankle or foot subsequent to that that I'm aware of. And I would state with a degree of certainty that it was related to that injury.

(Deposition of Dr. Myerson, 3/7/88, p. 10.) However, on cross-examination the following exchange occurred:

Q: And in that correspondence, you specifically stated that in regard to the question of whether or not the treatment was related to the injury of October 11, 1984, you answered, 'To answer whether or not his condition for which I was treating him was specifically caused by the injury sustained on October 11, 1984, I have not had the advantage of following this patient since the injury and I cannot state with medical certainty that this was the case.' Is that a true statement you made on your letter of November 9, 1987?

A: That is stated.

Q: Do you have a different opinion in regard to causation today than you had on November 9, 1987?

A: No.

(*Id.* at p. 16.)

A determination of whether medical evidence is unequivocal is a question of law. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985). In making such a determination, we must view the medical expert's testimony as a whole. *Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.),* 104 Pa.Commonwealth Ct. 411, 522 A.2d 146 (1987). We also note that such a determination should not be

made by taking excerpts of the testimony out of context, *Wilkes–Barre, City v. Workmen's Compensation Appeal Board,* 54 Pa.Commonwealth Ct. 230, 420 A.2d 795 (1980), and that such testimony need not be certain or without reservation. *Lewis v. Workmen's Compensation Appeal Board (Bristol Pike Bowling),* 91 Pa.Commonwealth Ct. 91, 496 A.2d 1265 (1985). Finally, inconsistencies in a medical expert's testimony does not render that testimony equivocal. *Matlack, Inc. v. Workmen's Compensation Appeal Board (Zwald),* 90 Pa.Commonwealth Ct. 196, 494 A.2d 510 (1985). All that being said, we must nonetheless conclude that Dr. Myerson's testimony was equivocal. While he did state on direct examination that the second surgery was related to the work related injury, he also stated on cross-examination that he could not offer such an opinion with medical certainty. When Dr. Myerson directly contradicted his own opinion on cross-examination, he rendered the opinion offered on direct examination equivocal. Therefore, the claimant failed to meet his burden of proving that this reinstatement petition should be granted.[2] As a result, we must reverse the Board's order granting the claimant benefits for total disability from April of 1987 to December of 1988.[3]

We must next answer the question of whether the claimant's review petition should have been granted. Normally, the rule is well settled that an employer is required to pay all medical expenses until a referee makes the factual determination that those expenses were either unreasonable, unnecessary or both. *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center),* 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991); *Boehm v. Workmen's*

2. In his decision, the referee stated that "[a]ll of claimant's evidence is rejected." (Referee's Decision, Finding of Fact 7, 4/25/89.) While we could, in the proper case, view with a jaundiced eye such a blanket decision that all of a party's evidence is not believed, we need not discuss such a question in view of the equivocal nature of the medical testimony.

3. Despite the fact that the referee's factual finding that the claimant was capable of returning to regular employment in May of 1988 is not supported by substantial evidence, the claimant is not entitled to benefits for a disability that was not work related.

*Compensation Appeal Board (United Parcel Services),* 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). In citing these cases, however, the Board recognized that the rule applies only for medical expenses *related to the original work injury.* This case is somewhat unusual in that the employer, as noted by the Board, took the position throughout these proceedings that these expenses were unreasonable and unnecessary; the employer did not assert that the surgery was *unrelated* to the work injury. Nonetheless, as our prior discussion shows, the claimant in this case bore the burden of proving that the second surgery was related to the work injury on his reinstatement petition and he failed to sustain that burden. It would be incongruous, indeed, to hold that the employer must pay for medical expenses which the claimant failed to prove were work related. We must, therefore, hold that the referee properly denied the claimant's review petition.

Reversed.

### ORDER

NOW, May 12, 1992, the order of the Workmen's Compensation Appeal Board, dated July 8, 1991, at No. A89–1156, is reversed and the decision of the referee is reinstated.