641 A.2d 655

Tony A. STONEBRAKER, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SEVEN SPRINGS FARM, INC. and PMA Group), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1993.

Decided April 19, 1994.

Donald J. McCue, for petitioner.

Craig E. Kuyat, for respondents.

Before CRAIG, President Judge and DOYLE, COLINS, SMITH and FRIEDMAN, JJ.

SMITH, Judge.

Tony A. Stonebraker (Claimant) petitions for review of the June 17, 1992 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting a petition for termination of benefits filed by Seven Springs Farm, Inc. (Employer). The questions to be resolved are whether the referee's finding that Claimant fully recovered from his work-related injury was supported by substantial evidence and whether the referee committed an error of law by granting a retroactive termination of Claimant's medical benefits. The Board's order is affirmed in part and reversed in part.

On February 2, 1989, Claimant suffered a work-related injury to his right knee while employed as a member of Employer's ski patrol and received compensation benefits pursuant to a notice of compensation payable. On March 14, 1990, Employer filed a petition for termination of Claimant's benefits and on July 18, 1990, the referee granted Employer's request for supersedeas effective July 16, 1990. At hearing before the referee, Employer submitted the deposition testimony of Dr. Robert W. Yanchus based upon his examination of Claimant and a review of the medical records of Dr. William C. Go, a physician who treated Claimant shortly after the injury. Dr. Yanchus opined that Claimant had fully recovered from his work-related injury as of January 4, 1990. Claimant submitted the deposition of his physician, Dr. Freddie H. Fu, who testified that he examined Claimant on October 1, 1990 and diagnosed and repaired a torn anterior cruciate ligament in Claimant's right knee. Dr. Fu opined that Claimant's torn

ligament resulted from his February 2, 1989 work-related injury.

The referee made the following pertinent findings of fact:

EIGHTH. The claimant had sustained an injury on February 2, 1989, to his right knee when he caught his right ski tip, fell and twisted his knee. The Claimant felt his right knee pop and swell.

NINTH. On March 20, 1989, the Claimant underwent arthroscopic surgery by William C. Go, M.D. Dr. Go noted the loose body in a hypertrophied synovial lining. Dr. Go removed the loose bodies and part of the synovial lining. Dr. Go did not note any problems with the anterior cruciate ligament.

. . . .

THIRTEENTH. This Referee finds, based on the credible opinion of Dr. Yanchus that the Claimant was fully recovered from the February 2, 1989 injury as of January 4, 1990. Dr. Yanchus noted no significant objective findings during his examination. Dr. Yanchus found the knee to be stable. Dr. Yanchus' opinion is supported by Dr. Go's finding during the March 20, 1989 arthroscopic surgery, which failed to reveal a tear in the anterior cruciate ligament.

FOURTEENTH. The referee does not find the opinion of Dr. Fu regarding the causation of the torn anterior cruciate ligament, which he removed on October 19, 1990, credible. Dr. Fu's opinion as to causation is based solely on the Claimant's history. The torn ligament was not revealed in the prior arthroscopic surgery.

The referee concluded that Employer sustained its burden of proof and terminated Claimant's benefits as of January 4, 1990. Claimant appealed to the Board, which affirmed the referee's decision, whereupon Claimant petitioned this Court for review.

I

Claimant contends that the referee's finding that Claimant fully recovered from the work-related injury consti-

tutes a capricious disregard of his medical evidence.[1] In a termination proceeding, the employer has the burden of establishing that a work-related disability has ceased and, if the claimant continues to be disabled, that the disability is no longer caused by the compensable injury. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Serv.)*, 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986). The employer can meet this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from the work-related injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa. Commonwealth Ct. 253, 595 A.2d 697 (1991).

The referee, as the ultimate factfinder, may accept or reject any testimony, including the medical opinion of one expert witness over that of another. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Serv.)*, 133 Pa. Commonwealth Ct. 455, 576 A.2d 1163 (1990). A referee's rejection of one physician's testimony in favor of another physician's testimony is a credibility determination which this Court may not disturb. *Wynn v. Workmen's Compensation Appeal Board (Department of Transportation)*, 77 Pa. Commonwealth Ct. 631, 466 A.2d 769 (1983).

Dr. Yanchus' deposition at pages 10–11 contained the following testimony on direct examination concerning Claimant's right anterior cruciate ligament:

Q. Did you conduct a physical examination, Doctor?

A. Yes. ... There's no joint swelling. The ligaments are excellent in both knees, specifically the right knee. In my report here I mentioned that his popping noise, and by

---

1. Since both parties introduced evidence in this case, the capricious disregard test does not apply. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). The appropriate scope of review is whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Id.* Substantial evidence is that which constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Gamble v. Workmen's Compensation Appeal Board (Burrell Constr. & Supply Co.)*, 143 Pa.Commonwealth Ct. 277, 598 A.2d 1071 (1991).

effusion you think of a cruciate ligament injury, but he had no instability.

Q. No instability to the right knee, Doctor?

A. Right, over the anterior cruciate. No, I couldn't feel any loose bodies and the McMurray test was negative for torn menisci. So, basically all and all I thought his right knee was doing well except for the slight half-inch thigh atrophy.

Q. Did you find any neurological abnormalities?

A. No, there were none. And I took an X-ray in the office of the right knee and it was excellent.

Dr. Yanchus then rendered his opinion as to whether Claimant's disability had ceased:

Q. Doctor, from the history that he had given to you, from the X-ray reading, from your physical examination, and from the other information that was supplied to you, do you have an opinion within a reasonable degree of medical certainty as to whether or not the Claimant as of the date of your examination was able to return to his usual work?

A. Yes, ... after examining Mr. Stonebraker on January 4th of this year it was my opinion, based on reasonable medical certainty, that he had recovered from his work-related injury of 2/2/89 and could return to his unrestricted work as a ski patrol member, carpenter, whatever he was doing at Seven Springs.

*Id.* at 12–13. The referee resolved conflicting medical testimony in favor of Employer by accepting Dr. Yanchus' opinion. The referee's findings that Claimant had fully recovered from his work-related injury as of January 4, 1990 and that his torn ligament was not caused by that injury are thus supported by substantial evidence and may not be disturbed on appeal.

## II

The next issue presented is whether the referee committed an error of law by terminating Employer's liability to pay Claimant's medical expenses incurred prior to the date of the referee's written decision. Once a claimant has proven

a compensable work injury or received benefits pursuant to a notice of compensation payable, the employer bears the burden to establish that medical expenses are not necessary or that they are unreasonable. *Thomas v. Workmen's Compensation Appeal Board (School Dist. of Philadelphia)*, 153 Pa.Commonwealth Ct. 560, 621 A.2d 1192 (1993). Although an employer's liability for a claimant's medical expenses ends when a termination is granted, the employer is required to pay all medicals incurred up to the date of the referee's decision. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Commonwealth Ct. 369, 603 A.2d 291 (1992). Employer maintains that this rule is inapplicable unless it is shown by Claimant that the medical expenses relate to the original work injury.

In *Corcoran v. Workmen's Compensation Appeal Board (Stuart Painting Co.)*, 144 Pa.Commonwealth Ct. 398, 601 A.2d 887, *appeals denied*, 530 Pa. 657, 608 A.2d 31, 531 Pa. 641, 611 A.2d 713 (1992), the employer filed a petition for termination of benefits under Section 413 of the Workers' Compensation Act (Act), *as amended*, Act of June 2, 1915, P.L. 736, 77 P.S. § 772, and also a petition for review of medical expenses under Section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii). The Board affirmed the referee's decision granting both of the employer's petitions, which terminated compensation benefits and relieved the employer from liability for payment of the claimant's medical expenses incurred between the date of the claimant's recovery and the date of the referee's decision. This Court reversed the order of the Board and held that the Act requires the employer to pay those expenses incurred up to the date of the referee's decision.

Numerous other decisions of this Court have reiterated the rule that an employer seeking to terminate its liability to a claimant must continue to pay medical expenses incurred by the claimant up to the date of the referee's decision terminating the employer's liability. *See Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991) (an employer's

filing of a petition to review the necessity of medical expenses does not act as a supersedeas and a referee may not retroactively terminate a claimant's medical benefits); *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle),* 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991) (a referee may not retroactively terminate medical benefits where an employer files a petition for review of medical expenses); *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center),* 137 Pa.Commonwealth Ct. 176, 586 A.2d 991, *appeal denied,* 530 Pa. 648, 607 A.2d 257 (1991) (an employer must continue payment of medical expenses during the pendency of a petition for review of the necessity of medical expenses and the employer's petition does not act as a supersedeas).

In *Johnson,* this Court addressed the practical implications of requiring an employer to pay a claimant's medical expenses incurred up to the date of the referee's decision:

> [E]mployers will no doubt be prompted to question the necessity of medical expenses as soon as possible. Claimants, on the other hand, will be protected from the potentially devastating economic consequences stemming from determinations which find medical services already rendered to be unreasonable or unnecessary. Further, and more to the point in this case, claimants will be protected from the potentially devastating economic *or medical* consequences stemming from an employer's unilateral cessation of payment of medical bills in violation of the Act.

137 Pa.Commonwealth Ct. at 181, 586 A.2d at 994. Although *Johnson* involved an employer's petition for review of the necessity of medical bills, its rationale is no less applicable to termination proceedings because a claimant could suffer similar consequences from a referee's retroactive termination of liability or an employer's unilateral cessation of medical payments pending termination proceedings.

Employer relies in part on *Wetterau, Inc. v. Workmen's Compensation Appeal Board (Mihaljevich),* 148 Pa.Commonwealth Ct. 55, 609 A.2d 858 (1992), to support the contention that it is not required to pay medical expenses found to be

unrelated to the original work injury. In *Wetterau,* the claimant suffered a work-related injury to his ankle in 1984 and received benefits pursuant to a notice of compensation payable until November 1986, when he returned to his former job with no loss of earnings. In April 1987, the claimant underwent additional surgery on his ankle and later filed a reinstatement and a review petition seeking to compel the employer to pay medical bills associated with his 1987 surgery. The referee found that the surgery was unrelated to the work injury and denied the claimant's petitions. On appeal from the Board's decision, this Court held that the claimant failed to meet his burden of proving with unequivocal medical testimony that the 1987 surgery was causally related to the original work injury because the claimant had been performing his pre-injury job when he underwent surgery. *Wetterau* is not controlling because Claimant in the case sub judice did not return to his pre-injury job nor petition for reinstatement or review of medical expenses and thus did not have the burden of proof before the referee.

The matter sub judice is further distinguishable from the situation in *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.),* 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990), and to the extent that *King* supports the proposition that an employer may unilaterally cease payment of medicals prior to a referee's termination of liability, the decision is overruled.[2] In *King,* the claimant suffered a work-related myocardial infarction in 1981 and received total disability benefits; in 1985 he underwent medical tests for heart problems stemming from a pre-existing condition unrelated to the work-related disability. The claimant filed a review petition seeking payment of his medical bills; this Court held that the employer was not required to pay for the medical tests because the claimant failed to prove a causal connection between the tests and his injury. This Court did not address

---

**2.** This Court has expressly stated that it is a clear and unacceptable violation of the Act for an employer to unilaterally refuse to pay a claimant's medical bills. *Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corp.),* 138 Pa.Commonwealth Ct. 449, 588 A.2d 116 (1991); *Johnson.*

which party in *King* had the burden of proof before the referee, but summarily concluded that the claimant did not prove the necessary causal connection, unlike the present situation where Employer clearly had the burden of proof, *Gallo;* thus the holding in *King* is not controlling here.[3]

By contrast, in *Lehigh Valley Refrigeration Serv. v. Workmen's Compensation Appeal Board (Nichol)*, 120 Pa.Commonwealth Ct. 434, 548 A.2d 1321 (1988), the employer unilaterally ceased payment of the claimant's medical expenses prompting the claimant to file a petition seeking payment for the expenses. This Court agreed with the referee's conclusion that with an open notice of compensation, a claimant receiving benefits is not required to continue to re-establish the reasonableness and necessity of medical treatment and that an

3. The present case is likewise distinguishable from decisions of this Court which upheld retroactive termination of an employer's liability for expenses for psychiatric conditions which had no obvious causal relationship to work-related physical injuries and where no prior determination of liability for the psychic condition had been made. In *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990), this Court upheld a referee's order which determined that an employer was not liable for a claimant's psychiatric expenses and held that although the employer's termination petition was pending before the referee, the claimant had to establish with unequivocal medical testimony that his psychiatric condition was causally related to the work-related cervical whiplash injury. *See also Staroschuck v. Workmen's Compensation Appeal Board (Midland Ross Corp.)*, 153 Pa.Commonwealth Ct. 523, 621 A.2d 1173 (1993) (a claimant who filed petition seeking payment of psychiatric treatment failed to introduce unequivocal medical testimony that her psychiatric condition was causally related to her back injury); *Sciulli v. Workmen's Compensation Appeal Board (Health Ctr. Hosp. Serv. Corp.)*, 150 Pa.Commonwealth Ct. 287, 615 A.2d 920 (1992) (a referee retroactively relieved the employer of liability for medical expenses associated with the claimant's depression because the intervening murder of the claimant's son was a traumatic event that extinguished the presumption that the medical treatment was necessitated by the work-related injury to the claimant's head and eye when struck by a laundry cart); *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin)*, 102 Pa.Commonwealth Ct. 528, 518 A.2d 1316 (1986) (employer not required to pay for treatment of depression, a new and seemingly unrelated, non-natural and non-probable symptom of a "wholly different nature" than the original injury, because the claimant failed in her review petition to sustain her burden of proving a causal relationship between her psychiatric condition and work-related back injury caused from a slip and fall at work).

employer bears the burden of proof under Section 306(f)(2)(ii) of the Act when it seeks to cease payment for a claimant's medicals. *See also Gens v. Workmen's Compensation Appeal Board (Rehabilitation Hosp. of Mechanicsburg),* 158 Pa.Commonwealth Ct. 313, 631 A.2d 804 (1993) (a claimant receiving compensation for a back condition is not required to prove that medical expenses for treatment of her back condition are causally related to her work injury when the employer filed petitions for review alleging that treatment the claimant was about to undergo was not causally related to the work injury).

Consequently where a claimant has proven a compensable work injury or received benefits through a notice of compensation payable, an employer is liable for payment of the claimant's medical expenses incurred up to the date of the referee's final order terminating the employer's liability. Correspondingly, a referee may not grant a supersedeas for medical expenses pending decision on an employer's termination or review petition,[4] and employers may not unilaterally cease payment of medical expenses incurred by a claimant before the date of a referee's final decision. *Moats; Johnson.* Thus the supersedeas granted in this case did not relieve Employer of liability for Claimant's medical expenses incurred up to the date of the referee's order; Employer is therefore liable for payment of Claimant's medical expenses incurred up to July 11, 1991.

The Board's order is accordingly affirmed to the extent that it granted Employer's petition for termination of benefits, but reversed as to the retroactive termination of Employer's liability for Claimant's medical expenses incurred up to the date of the referee's order.

## ORDER

AND NOW, this 19th day of April, 1994, the order of the Workmen's Compensation Appeal Board is affirmed as to the granting of the petition for termination filed by Seven Springs

---

4. *See ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman),* 137 Pa.Commonwealth Ct. 405, 586 A.2d 507, *appeal denied,* 528 Pa. 624, 597 A.2d 1154 (1991).

Farm, Inc. and the PMA Group. The Board's order is reversed as to the termination of Employer's liability for payment of medical expenses incurred by Petitioner prior to July 11, 1991.

DOYLE, J., dissents.