**James F. MULHOLLAND, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BECHTEL CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1995.

Decided Dec. 26, 1995.

Thomas Rapp, for petitioner.

Martin J. Fallon, Jr., for respondent.

Before DOYLE, NEWMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

James Mulholland (Claimant) appeals from an order of the Workmen's Compensation Appeals Board (Board) which affirmed a Workers' Compensation Judge's (WCJ) denial of Claimant's penalty petition. Also before us is Bechtel Construction Company's (Employer) motion to quash this appeal.

On November 6, 1987, Claimant sustained a neck injury during the course of his employment as an "operations engineer" for Employer. Employer issued a notice of com-

pensation payable on January 15, 1988, providing Claimant with $361.00 per week in workers' compensation benefits. On May 17, 1988, Employer filed a termination petition alleging Claimant was fully recovered from his occupational injury as of April 14, 1988. By a decision circulated on January 30, 1991, the WCJ granted Employer's petition, ordering Claimant's benefits terminated effective August 31, 1988. Thereafter, the WCJ's order was affirmed by the Board and later by this Court on January 7, 1993. Claimant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Pending Claimant's appeal to this Court of the WCJ's order terminating benefits, Claimant filed a penalty petition asserting that Employer violated the Pennsylvania Workers' Compensation Act[1] by failing to pay all medical bills incurred by Claimant *prior to* the termination date of August 31, 1988. Specifically, Claimant asserted that Employer improperly withheld payment for medical services rendered to Claimant's lower back.

On June 8, 1994, the WCJ denied Claimant's penalty petition, concluding that Claimant failed to prove that his medical bills for treatments to his back were causally connected to his occupational injury. Thereafter, the Board, in a decision and order dated May 1, 1995, dismissed Claimant's appeal and affirmed the decision of the WCJ. This appeal followed.

Before us initially is Employer's motion to quash Claimant's petition for review. In its motion, Employer asserts that Claimant's appeal should be quashed because Claimant failed to comply with the Pennsylvania Rules of Appellate Procedure with respect to filing of the reproduced record, and because the appeal is frivolous. Employer also seeks attorneys' fees pursuant to Pa.R.A.P. 2744(1).

 Pa.R.A.P. 2101 permits an appellate court to quash an appeal of a party whose failure to conform in all material respects to the rules regarding reproduced records results in *substantial* defects in that party's reproduced record. Although we agree with Employer that Claimant failed to file the

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1.

designation of contents of the reproduced record as mandated by Pa.R.A.P. 2154, and failed to include relevant docket entries in the reproduced record[2] as required by Pa. R.A.P. 2152, we conclude that the violations are not of such a magnitude as would preclude the effective exercise of our appellate review. Accordingly, we will not quash Claimant's appeal for the aforementioned defects. *See Thomas v. APSCUF*, 101 Pa. Cmwlth. 174, 485 A.2d 903 (1985).

 Employer also argues that Claimant's appeal should be quashed because it is frivolous. A frivolous appeal is "readily recognizable as devoid of merit in that there is little prospect of success." *Department of Transportation, Bureau of Driver Licensing v. Grubb*, 152 Pa.Cmwlth. 178, 618 A.2d 1152, 1154 (1992) (citations omitted). Specifically, Employer argues that it is well-settled that an employer is not responsible for paying the medical costs associated with an employee's *non-work related injuries*, citing our recent decision in *McDonnell Douglas Truck Services, Inc. v. Workmen's Compensation Appeal Board (Feldman)*, 655 A.2d 655 (Pa. Cmwlth.1995). In the instant appeal, Claimant does not contend that the unpaid medical bills are related to his work injury, but rather asserts that an employer must pay *all* of an employee's medical expenses, whether work-related or not, up until the date of termination of his workers' compensation benefits by the WCJ. Employer, therefore, argues that Claimant's appeal is frivolous because he raises an issue that is well-settled.

Although we ultimately agree with Employer and reject Claimant's argument regarding medical bills for non-work related injuries, Claimant has argued his position citing a line of Commonwealth Court cases holding that an employer is liable for the payment of a claimant's medical expenses incurred prior to the WCJ's final order terminating workers' compensation benefits. While we will thoroughly explain, *infra*, why Claimant's argument lacks merit, we do note that the Board in its opinion stated that "[t]he rules are confusing and seem to change without clear reason," and, accordingly, we deny Employer's motion to quash on those grounds.[3]

 Addressing the merits of Claimant's appeal,[4] Claimant argues that the WCJ erred in finding that an employer can unilaterally cease payment of a claimant's medical bills prior to the date of the WCJ's decision terminating benefits. Specifically, he asserts that once an employer issues a notice of compensation payable, the employer must pay *all* of a claimant's medical costs, including medical costs not causally related to the work injury, incurred up to the date of the WCJ's final order terminating the employer's liability.

 Under the Act, however, an employer is *only* liable for payment of benefits, both compensation and medical, arising out of work-related injuries.[5] *McDonnell Douglas*. In *McDonnell Douglas*, we explained, "[o]bviously, if an injury is not work-related, the employer is not responsible for paying for the medical costs related to that injury, even if the medical treatment is necessary to cure that other injury." *Id.* at 657 (citations omitted). Further, the burden of proving that an injury is work-related is on the claimant. *Id.*

2. The reproduced record part of Claimant's brief contained only copies of the opinion and order of the WCJ and the Board. A reproduced record may be submitted together with the brief in one bound volume if the reproduced record and brief, together, contain less than one hundred pages. Pa.R.A.P. 2171(b).

3. Employer, in its motion, also requested attorney's fees under Pa.R.A.P. 2774, asserting that Claimant's appeal was frivolous. However, because we conclude that Claimant's appeal was not frivolous, Employer's request for attorney's fees is denied.

4. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. Section 301(c)(1) of the Workers' Compensation Act, 77 P.S. § 411(1), provides in pertinent part:
 The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, ..., arising in the course of his employment and *related thereto* ....
 (Emphasis added.)

In the instant case, Claimant failed to prove that his lower back condition was causally related to his employment. In fact, the WCJ specifically found that Claimant presented no evidence, medical or otherwise, to establish the existence of a causal connection between his lower back problems and his employment injury of November 6, 1987. Conversely, Employer presented, *inter alia*, the deposition testimony of Dr. David Saland who opined that Claimant's lower back problems, in the form of degenerative lumbar spine disease, were not causally related to the employment incident of November 6, 1987. The WCJ found that Dr. Saland's testimony was credible and convincing and, accordingly, denied Claimant's penalty petition on the grounds that his medical costs for treatment to his lower back was not causally connected to his occupational injury. Furthermore, the WCJ concluded that his finding of no causal relationship was consistent with the previous WCJ decision ordering termination of Claimant's benefits. And, on appeal, Claimant does not dispute the WCJ's determination of no causal relationship.

Because Claimant's back condition was not work-related, we hold that Employer is not liable **at any time** for the medical expenses incurred for the treatment of that injury. Therefore, the WCJ did not err in not imposing a penalty against Employer for refusing to pay medical expenses connected to that condition.

Claimant, however, argues that our decision in *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)*, 163 Pa.Cmwlth. 468, 641 A.2d 655 (1994), mandates a different result. We disagree.

In *Stonebraker*, the claimant sustained an injury to his right knee in the course of his employment as a member of a ski patrol. The employer paid benefits pursuant to a notice of compensation payable. The claimant had arthroscopic surgery performed on the knee in March, 1989, approximately one month after the accident. A year later, in October 1990, the claimant received treatment for a torn ligament in the *same knee.*

In the meantime, the employer filed a petition for termination effective January 1990. This Court affirmed the termination, but held that the employer has a duty to pay a claimant's medical expenses incurred prior to the date of the WCJ's order terminating benefits.

■ *Stonebraker* presented a unique situation where the connection between the claimant's subsequent treatment and his initial work-related injury was not obviously unrelated. Subsequent to that decision, in *Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Cmwlth. 335, 648 A.2d 99 (1994), *petition for allowance of appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994), we explained the scope of an employer's duty to pay a claimant's medical bills as set forth in *Stonebraker*, distinguishing between cases where the employer withheld payment of medical bills because those bills were not "caused" by a work-related injury and cases where the employer's challenge to the medical bills was on the grounds that those costs were either "unreasonable" or "unnecessary." [6] In all cases where an employer questions the *reasonableness and necessity* of a claimant's *work-related* medical bills, the employer must continue to pay the claimant's medical bills up until the date of the WCJ decision to terminate benefits. *See, e.g., Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Cmwlth. 332, 601 A.2d 491 (1991); *Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 138 Pa.Cmwlth. 449, 588 A.2d 116 (1991); *Brown v. Workmen's Compensation Appeal Board (Borough of New Eagle)*, 137 Pa.Cmwlth. 575, 587 A.2d 34 (1991); *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa. Cmwlth. 455, 576 A.2d 1163 (1990). However, if an employer concludes that a claimant's medical bills were "caused" by a *non*-work related injury, the employer will not be assessed a penalty for unilaterally ceasing to pay such medical bills, if a WCJ subsequently determines that these medical bills are in fact not causally related to the work-related

---

6. Section 306(f)(1) of the Act provides in pertinent part: "[t]he employer shall provide pay-

ment for *reasonable* surgical and medical services...." 77 P.S. § 531(1) (emphasis added).

injury. *See, e.g., Listino v. Workmen's Compensation Appeal Board (INA Life Insurance Company),* 659 A.2d 45 (Pa.Cmwlth. 1995); *McDonnell Douglas; Buchanan.*

In *McDonnell Douglas,* we explained the rationale for these rules:

> [T]here is no reason why Employer should have to pay medical expenses for Claimant's non-work-related condition simply because he happens to be receiving benefits for an unrelated injury under the Act at the time such expenses were incurred.... Just as it would defy common sense to hold an employer liable for treatment of a non-work-related, preexisting heart condition when a claimant is receiving benefits for a work-related broken arm, it does not make sense to require the Employer here to pay for treatment to Claimant's non-work-related jaw condition when he is receiving benefits for a lower back, work-related injury. The Act clearly was never meant to provide medical cost coverage for an unrelated broken leg, broken jaw or for psychiatric therapy when the original work-related injury, which occurred two years previously and was a lower back strain, unless the claimant can persuade a WCJ that the injuries are causally related.

*McDonnell Douglas,* 655 A.2d at 658.

Because Claimant's medical bills were not caused by a work-related injury, *Stonebraker* is not applicable here.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, December 26, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed. Bechtel Construction Company's motion to quash is hereby denied.