**Raymond KUEMMERLE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ACME MARKETS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 1999.

Decided Nov. 18, 1999.

Gregory J. Boles and Natalie Klyashtorny, Philadelphia, for petitioner.

Sharolyn L. Murphy, Philadelphia, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Raymond Kuemmerle appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge (WCJ) decision denying Kuemmerle's penalty petition filed due to the failure of Acme Markets, Inc. (Employer) to pay Kuemmerle's medical bills. The issues presented are whether the WCJ erred in finding that Employer did not violate the Workers' Compensation Act[1] when it failed to pay Kuemmerle's medical bills incurred before the date of the WCJ's termination order; whether the WCJ erred in failing to assess a penalty against Employer for its failure to pay Kuemmerle's medical bills; and whether the doctrines of collateral estoppel and laches bar Kuemmerle's penalty petition which was filed three years after the date of the termination order.

On July 30, 1990, Kuemmerle sustained an injury to his right ankle and foot in the course of his employment with Employer. Kuemmerle received workers' compensation benefits pursuant to a notice of compensation payable dated August 16, 1990. Also, in August 1990, Kuemmerle sustained a rib fracture in a fall and treated with Dr. Joseph Lewcun. Dr. Lewcun related the fall to an instability of gait caused by Kuemmerle's original ankle injury. On January 26, 1993, WCJ Joseph Hakun terminated Kuemmerle's benefits as of November 28, 1990. However, on March 23, 1993, the parties executed a supplemental agreement in which Employer agreed that Kuemmerle was entitled to partial disability benefits from November 5, 1990 through September 9, 1991.

Employer subsequently failed to pay seven bills incurred for medical treatment provided prior to the termination order (Exhibits C–1 through C–7).[2] On April 24,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

2. Invoices admitted into the record refer to the following providers and amounts: C–1, Dr. Lewcun, $75; C–2, Dr. Samuel Santange-

1996, Kuemmerle filed a penalty petition to obtain payment of these bills. Kuemmerle testified that all outstanding bills were incurred prior to the date of the termination order. Kuemmerle's treating physician, Dr. Samuel Santangelo, stated in his report that the treatment received by Kuemmerle was reasonable, necessary and causally related to his work injury, and Dr. Lewcun stated that Kuemmerle's rib fracture was caused by the work injury. Employer presented the testimony of Susan Savidge, a claims examiner for Employer's workers' compensation insurance carrier. Ms. Savidge testified that Dr. Santangelo's bill (Exhibit C–2) was paid; that the other bills were not paid because of a lack of documentation and because Employer's termination petition was pending; that Kuemmerle's insurance claim file did not indicate whether letters requesting additional documentation were sent to his medical providers; and that the claim file reflected no notice to Kuemmerle, his counsel or to his medical providers that the bills were rejected.

On October 31, 1997, WCJ John Liddy denied Kuemmerle's penalty petition. The WCJ found that Kuemmerle's rib injury was "so far removed" from his work injury that his failure to file a timely review petition precluded Employer's liability for Dr. Lewcun's bill (Exhibit C–1). The WCJ found that the remaining bills were for treatment related to Kuemmerle's work injury but that recovery for those bills was barred because no written medical reports were submitted to the insurance carrier. The WCJ also concluded that the doctrines of collateral estoppel and laches barred the penalty petition because Kuemmerle failed to raise the payment issue at the termination hearing and because he waited three years after the termination order before seeking payment. Kuemmerle appealed to the Board which affirmed the WCJ's decision. The Board determined that collateral estoppel barred Kuemmerle's penalty petition because the termination hearing provided him a full and fair opportunity to litigate the payment issue. In a footnote, the Board noted that laches also applied because Kuemmerle, without adequate explanation, filed his penalty petition more than three years after the termination order and almost five years after the last medical expense was incurred.[3]

At the outset, Kuemmerle argues that Employer is liable for all reasonable, necessary and causally related medical bills incurred prior to the date of the termination order, and in support he cites *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)* 163 Pa.Cmwlth. 468, 641 A.2d 655 (1994). Generally, once an employer has accepted liability for a work-related injury, it may not cease payment of benefits in the absence of a final receipt or WCJ order. Section 413 of the Act, 77 P.S. § 774; *Green v. Workmen's Compensation Appeal Board (Association for Retarded Citizens)*, 670 A.2d 1216 (Pa.Cmwlth.1996). The *Stonebraker* rule provides that where an employer challenges the reasonableness and necessity of medical bills, the employer's liability for those bills continues until the date of a WCJ order terminating liability.[4] If, however, an employer refuses to

lo, $270; C–3, Abington Memorial Hospital, $1,121; C–4, Radiology Group, $119; C–5, Abington Memorial Hospital, $227; C–6, Abington Memorial Hospital, $724; and C–7, Abington Memorial Hospital, $540.

3. The Court's review in an appeal from a Board order is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Schriver v. Workers' Compensation Appeal Board (Department of*

*Transportation)*, 699 A.2d 1341 (Pa.Cmwlth. 1997). The WCJ, as fact finder, has exclusive authority over questions of credibility and evidentiary weight, and the WCJ's findings will not be disturbed if supported by substantial, competent evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

4. The Court notes that all of the medical bills in question were incurred prior to the 1993 amendments to the Workers' Compensation Act, commonly known as "Act 44." Section 8

**232**

pay medical bills based on an alleged lack of causation, and a WCJ later confirms that the bills are not causally related to the work injury, the employer is not liable for those bills. *Listino v. Workmen's Compensation Appeal Board (INA Life Ins. Co.)*, 659 A.2d 45 (Pa.Cmwlth.1995).

The WCJ found that Dr. Santangelo's bill had been paid according to testimony from Ms. Savidge who stated that the insurance carrier's claim file indicated that payment was made. This finding is supported by substantial evidence and will not be disturbed by the Court. The WCJ's findings regarding the remaining bills are not supported by substantial evidence. Regarding Dr. Lewcun's bill, the WCJ found that Kuemmerle should have filed a timely review petition to add his rib injury to the notice of compensation payable. Dr. Lewcun stated that but for the ankle injury, Kuemmerle would not have fallen and sustained his rib injury, and Employer does not dispute the fact that Dr. Lewcun's services were provided prior to the termination order. The WCJ found that the bills from Abington Memorial Hospital and Radiology Group (Exhibits C–3 through C–7) were work related but that Employer is not liable for payment because the providers failed to submit the required written reports to the insurance carrier.

■ The insurance carrier's claim file contained a June 18, 1991 note and an August 19, 1991 report from Dr. Santangelo in which he related the treatment provided by Abington Memorial Hospital and Radiology Group to Kuemmerle's ankle injury. In the June 18 note, Dr. Santangelo recommended that Kuemmerle attend physical therapy at Abington Memorial Hospital, treatment that corresponds to Exhibits C–3, C–5 and C–7. In the August 19 report, Dr. Santangelo referenced a bone scan, treatment that corresponds to Exhibits C–4 and C–6. Ms. Savidge testified that the claim file contained this information and that the insurance carrier did not require that every bill be accompanied by a note stating that services were reasonable, necessary and causally related to the work injury. Ms. Savidge added that the insurance carrier only required some documentation to verify the body part treated and that reports were not required in all cases. Because documentation was provided for the bills and because Employer's insurance carrier did not require that written reports accompany all bills for medical services, the WCJ's findings on this issue are not supported by substantial evidence. The Court consequently concludes that the WCJ erred in determining that Employer is not liable for the bills because written reports were not submitted.

■ Next Kuemmerle argues that the Board erroneously held that his penalty petition is barred by the doctrines of collateral estoppel and laches. For collateral estoppel to apply, it must be shown, inter alia, that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in a former action. *Bortz v. Workmen's Compensation Appeal Board (Reznor Div. of FL Industries)*, 546 Pa. 77, 683 A.2d 259 (1996); *C.D.G., Inc. v. Workers' Compensation Appeal Board (McAllister)*, 702 A.2d 873 (Pa.Cmwlth.1997).06 Here, the payment issue was not addressed in the termination proceedings in which Employer bore the burden of proving that Kuemmerle's disability had ceased or arose from a cause unrelated to the work injury. *See, e.g., Parker v. Workers' Compensation Ap-*

of the Act of July 2, 1993, P.L. 190, renumbered Section 306(f) of the Act as Section 306(f.1), 77 P.S. § 531, and legislatively superseded *Stonebraker* and other cases requiring payment of medical expenses up until the date of a WCJ decision. *See, e.g., Albert Ein-*

*stein Medical Center v. Workers' Compensation Appeal Board (Perkins)*, 707 A.2d 611 (Pa. Cmwlth.1998); *Warminster Fiberglass v. Workers' Compensation Appeal Board (Jorge)*, 708 A.2d 517 (Pa.Cmwlth.1998).

*peal Board (Dock Terrace Nursing Home)*, 729 A.2d 102 (Pa.Cmwlth.1999). Moreover, Kuemmerle notes that non-payment of the bills was never an issue at the termination hearing because he submitted the bills to the insurance carrier with the assumption that they would be paid. Ms. Savidge conceded that neither Kuemmerle or his counsel nor the providers were notified that the bills were rejected. The Court concludes that Kuemmerle's penalty petition is not barred by the doctrine of collateral estoppel.

 Kuemmerle also argues that the Board erroneously concluded that his penalty petition is barred by the doctrine of laches. Laches is an affirmative defense invoked when the complaining party fails to exercise due diligence in instituting an action. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen)*, 152 Pa.Cmwlth. 318, 618 A.2d 1224 (1992). In addition to demonstrating a failure to exercise due diligence, the defending party must show prejudice caused by the delay. *Id.* Employer argues that Kuemmerle's failure to timely file his penalty petition demonstrates a lack of diligence and that it would be prejudiced by having to pay the bills and accrued interest on the claim several years after the bills were incurred. The Court's determination that the WCJ's findings are not supported by substantial evidence precludes Employer's laches defense, and additionally Employer assumed the risk of a penalty when it unilaterally withheld payment of the unpaid bills prior to a termination order. Likewise, the Court concludes that Kuemmerle's penalty petition is not barred by the doctrine of laches.

The Board's order denying Kuemmerle's penalty petition is reversed in part as Employer is liable for payment of medical bills for services provided by Dr. Lewcun, Abington Memorial Hospital and Radiology Group. *See* n2. The Board's order is otherwise affirmed as to Dr. Santangelo's bill. The case is remanded for an appropriate penalty assessment pursuant to applicable provisions of the Act.

***O R D E R***

AND NOW, this 18th day of November, 1999, the order of the Workers' Compensation Appeal Board is reversed in part, and Acme Markets, Inc. is ordered to pay bills for medical services provided to Petitioner Raymond Kuemmerle by Dr. Joseph Lewcun, Abington Memorial Hospital and Radiology Group. The Board's order is otherwise affirmed. This case is remanded for entry of an appropriate penalty order consistent with the foregoing opinion.

Jurisdiction is relinquished.