634 A.2d 786

**Michael J. KUSHNER and Richard D. Kushner, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1993.

Decided Nov. 29, 1993.

Ronald D. Butler, for petitioners.

Ronald H. Skubecz, Sr. Deputy Atty. Gen., for respondent.

Before PALLADINO and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Michael J. Kushner and Richard D. Kushner (jointly referred to as the Kushners) appeal from an order of the Board of Finance and Revenue which found that the Kushners are required to pay a realty transfer tax as a result of a property transfer from the Kushners to K.B. Investments, a partnership whose sole partners are the Kushners. We affirm.

The facts, as agreed to by both parties in a stipulation of facts dated March 19, 1993, are as follows. The Kushners are brothers and are engaged in the business of owning, developing, leasing and selling real estate. The Kushners are the sole partners in K.B. Investments, a Pennsylvania partnership.

On November 9, 1989, the Kushner brothers, either jointly or individually, transferred eleven parcels of real estate in Dauphin County to K.B. Investments. On November 13, 1989, the Kushners conveyed a single parcel of real estate in Cumberland County to K.B. Investments. In all twelve Realty Transfer Tax Statements of Value filed concurrently with the deeds, the Kushner brothers claimed complete exemption from realty transfer taxes imposed by section 1102–C of the Tax Reform Code of 1971 (Code).[1] The Kushners claimed their exemption as an intra-family conveyance between brothers under section 1102–C.3(6) of the Code.

On February 16, 1990, after review of the Statements of Value, the Department of Revenue (department) mailed the Kushners a Realty Transfer Tax Notice of Determination with regard to each of the properties. The notices advised the Kushners that a realty transfer tax was being imposed for the reason that conveyances between the members of a partner-

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 8102–C. Section 1102–C provides in pertinent part:

   **Imposition of tax**
   Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof ... a State tax at the rate of one per cent of the value of the real estate represented by such document, which State tax shall be payable at the earlier of the time the document is presented for recording or within thirty days of acceptance of such document....

ship and the partnership are fully taxable under section 1102–C.4 of the Code. The total transfer tax imposed on the twelve transfers was $19,676.18, plus interest.

On May 5, 1990, the Kushners filed a petition for redetermination of tax with the department's Board of Appeals. On July 19, 1990, the Board of Appeals sustained the imposition of the tax. The Kushners appealed this decision to the Board of Finance and Revenue, which on March 27, 1991, sustained the action taken by the department's Board of Appeals.

The parties entered into and filed a joint stipulation of facts with this court on March 19, 1993, and this appeal followed on April 26, 1991.

On appeal to this court, the Kushners argue that the transfer of the properties is completely exempted from the realty transfer tax under section 1102–C.3(6) of the Code which provides in pertinent part:

**Excluded transactions**

The tax imposed by Section 1102–C shall not be imposed upon:

. . . .

(6) A transfer between husband and wife ... between parent and child or the spouse of such child, *between brother* or sister or spouse of a brother or sister *and brother* or sister or the spouse of a brother or sister....

72 P.S. § 8102–C.3(6) (emphasis added).

The Kushner brothers recognize that realty transfers to partnerships are taxable under the Code unless otherwise exempted as an excluded transaction. However, the Kushners maintain that the intra-family exemption provided for above by section 1102–C.3(6) applies to the instant case since the Kushners transferred the property in each instance to a partnership of which the brothers are the sole partners. The Kushners believe the General Assembly did not intend to tax transfers under such circumstances.

The Commonwealth counters that under its interpretation of the realty transfer tax provisions of the Code, partners are

legally separate from the partnership to which they belong. Therefore, when the members of a partnership, as individuals, transfer real estate to the partnership, even if the partners are brothers, the transaction is taxable. The Commonwealth further asserts that the brother to brother, intra-family exemption is limited to transfers made by family members in their individual capacities and cannot be used to create an exclusion for a transfer to a partnership. We agree.

Section 1102–C.4 of the Code distinguishes and renders separate, partners from the partnerships to which they belong. Section 1102–C.4 provides:

> **Documents relating to associations or corporations and members, partners, stockholders or shareholders thereof**
>
> *Except as otherwise provided in section 1102–C.3 [§ 8102–C.3],* documents which make, confirm, or evidence any transfer or devise of title to real estate between associations or corporations and the members, partners, shareholders, or stockholders thereof are fully taxable. *For the purposes of this article, corporations and associations are entities separate from their members, partners, stockholders or shareholders.*

72 P.S. § 8102–C.4 (emphasis added).

Allowing that partnerships are among the class of associations referred to in this section, it is clear by the language that, for realty transfer tax purposes, partnerships are to be treated as separate entities from their partners. Further, the interpretive regulations adopted by the department at 61 Pa.Code § 91.154 provide additional clarity:

> **Documents involving corporations, partnerships, limited partnerships and other associations.**
>
> Corporations, joint-stock associations, business trusts, banking institutions, *partnerships,* limited partnerships, joint ventures and associations *are entities separate from their* stockholders, shareholders, *partners* and members. Transfers between these entities and their stockholders, shareholders, partners or members, including transfers between a subsidiary and a parent corporation and transfers

in consideration of the issuance or cancellation of stock, are fully taxable, *unless the transaction is excludable under § 91.193(b)(11) or (13)* (relating to excluded transactions). (Emphasis added.)

Despite the clear meaning of section 1102–C.4 and the above regulations, the Kushners argue that the first clause of section 1102–C.4 limits the applicability of the principle enunciated therein. The Kushners specifically maintain that the limitation "[e]xcept as otherwise provided in section 1102–C.3 ..." implies that exemptions such as the intra-family exemption provided under section 1102–C.3(6) are to supersede the codified principle that transfers between partners and their partnerships are taxable.

There is no caselaw which construes section 1102–C.4; however, an agency's interpretation by regulations of a statute which it enforces is entitled to great judicial deference. *SmithKline Beckman Corp. v. Commonwealth,* 85 Pa.Commonwealth Ct. 437, 482 A.2d 1344 (1984).

Section 91.154 of the regulations promulgated by the department as an interpretation of section 1102–C.4 of the Code, specifically allows for only two situations which would exclude partners and their partnerships from being subject to transfer taxation when property is conveyed between the distinct entities. Sections 91.193(b)(11) and (13) both contemplate unique transfers of realty which may arise between the entities referenced in section 91.154.[2]

2. § 91.193. **Excluded transactions.**

. . . .

(b) *Additional exclusions.* Other transactions which are excluded from tax include:

. . . .

(11) A transfer for no or nominal actual consideration between principal and agent or straw party and a transfer between an agent or straw party and third party, where the transfer of the same realty would be excluded if the transfer were made directly between the principal of the agent or straw party and the third party.

. . . .

(13) Certain transfers to shareholders.

(i) A transfer from a corporation or association to its shareholder or member if:

Notably, the department chose not to specifically characterize the intra-family exemption under section 91.193(b)(6) in the same manner, and therefore made such exclusion subordinate to the principle that partners are not free from taxation when they convey realty to the partnership to which they belong.[3]

Therefore, we conclude that the limiting clause of section 1102–C.4 applies only to the section 1102–C.3 exclusions similar in scope to the section 91.193(b) exclusions specifically referenced in section 91.154. Since the intra-family exemption is not among the superseding exclusions provided for by section 91.154 of the regulations, the intra-family exemption in section 1102–C.3(6) shall not supersede the provisions of section 1102–C.4.

Further, in the absence of a conflict with section 1102–C.4, the intra-family exemption standing alone has been interpreted narrowly and applied with caution. In *Meridian Trust Co. v. Commonwealth,* 149 Pa.Commonwealth Ct. 571, 613 A.2d 654 (1992), a testator's daughter and executors of the estate

(A) The transferred realty is held of record in the name of the corporation or association or is held of record in the name of an agent of the corporation or association who acquired the realty as agent for the corporation or association.

(B) The grantee owns stock of the corporation or an interest in the association in the same percentage as the grantee's interest in or ownership of the real estate being conveyed.

(C) The stock of the corporation or the interest in the association has been held by the grantee for more than 2 years.

(ii) In order to claim this exclusion, the statement of value shall identify the grantee as a stockholder in the corporation or as a holder of an interest in the association, set forth the date of acquisition of the stock or interest and indicate the grantee's ownership share of the corporation or association.
61 Pa.Code § 91.193(b)(11); (13).

**3. § 91.193 Excluded transactions**

. . . .
(b) *Additional exclusions.* Other transactions which are excluded from tax include:

. . . .
(6) Transfers between certain family members:
(i) A transfer between any of the following:

. . . .
(C) Children of the same parent—siblings.
61 Pa.Code § 91.193(b)(6).

appealed a decision of the Board of Finance and Revenue which upheld the imposition of the realty transfer tax on property sales to the daughter pursuant to an option granted by codicil. As in the instant case, the petitioner in *Meridian Trust* claimed exemption from transfer taxes under section 1102–C.3(6) as an intra-family transfer between father and daughter. Petitioner argued that this section applies to all intra-family transfers regardless of the form it takes.

Concluding that there was an absence of a direct transfer between father and daughter, we made the legal distinction between a parent of the petitioner and the estate of the parent. We held that an estate was not a "parent" under the statutory exemption for transfer between parent and child. Applying the same rationale utilized by this court in *Meridian Trust,* we have determined here that K.B. Investments is not a "brother" but a partnership separate and apart from its partners, regardless of the relationship between the sole partners.

We therefore conclude that the intra-family exemption from the realty transfer tax is inapplicable to a conveyance of property from brothers to a partnership whose sole partners are the brothers themselves.

Based on the above discussion, we hold that the board did not err in sustaining the imposition of realty transfer tax on the Kushners' twelve transfers to K.B. Investments.

Accordingly, we enter judgment in favor of the Commonwealth.

## ORDER

NOW, this 29th day of November, 1993, judgment is entered in favor of the Commonwealth in the amount of $19,-676.18, plus interest, and will become final unless exceptions are filed within thirty days of the entry of this order pursuant to Pa.R.A.P. 1571(I).