Daniel HASTINGS, Petitioner,

v.

WORKMEN'S COMPENSATION AP-PEAL BOARD (MASTECH CON-STRUCTION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1995.

Decided Nov. 16, 1995.

Louis A. Raimond, for petitioner.

John E. Nedlik, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Daniel Hastings (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's [1] decision to deny Claimant's Reinstatement Petition. We reverse.

Claimant was employed by Mastech Construction (Employer) as a scaffold builder when, on November 20, 1990, he sustained a work-related injury to his middle and lower back. Claimant received workers' compensation benefits pursuant to a Notice of Compensation Payable.

Claimant was treated by Richard F. Giza, a chiropractor, who, on March 8, 1991, released Claimant to return to his full duties, but only on a trial basis. Claimant sought work with Employer, but Employer did not have any work available. Claimant also tried to secure a position with another former employer but, again, there was no work available.

---

1. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. However, because this case was before the referee prior to the effective date of those amendments, we will refer to the referee as such and not as Workers' Compensation Judge.

Unable to find work and still suffering from pain and stiffness in his back, Claimant contacted the workers' compensation insurance adjuster who, upon learning of Claimant's continuing problem with his back, advised Claimant to see another doctor for a second opinion and/or further treatment. Claimant did so and, for three months thereafter, received physical therapy and participated in a work hardening program.

On March 18, 1991, Employer filed a Termination Petition. At the hearings on the petition, Claimant complained bitterly that he still had problems and that Dr. Giza only released him on a trial basis. Nevertheless, on August 14, 1991, Referee Vallely found that Claimant had fully recovered from his work-related injury and terminated Claimant's benefits. Claimant did not appeal that decision.

After the termination of benefits, Claimant continued to suffer with pain but, nevertheless, worked at various construction jobs to pay his bills. Claimant also enrolled at a technical training center to learn about chemical laboratory work; however, upon completion of the program, no such work was available. Claimant later entered a life insurance sales training program with Prudential with the intention of selling life insurance instead of continuing to work construction jobs.

On August 13, 1991, Claimant's pain reached the point where he sought additional treatment from George Richard McCollum, M.D. Claimant testified that "it wasn't any particular thing that occurred[;] it was just—every day the pain and discomfort was there. I felt that it needed medical attention[;] it was something that wasn't going away." (Referee Torrey's Finding of Fact, No. 6.)

On September 19, 1991, Claimant filed a Reinstatement Petition, alleging that pain in his neck, back and arms had increased, and, as of August 13, 1991,[2] he was once again totally disabled as a result of his November 20, 1990 work-related injury. Employer filed a timely answer denying the material allegations of the petition and hearings were held before referees.[3]

At the hearings, Claimant testified on his own behalf and presented the deposition testimony of Dr. Giza and Dr. McCollum. Dr. Giza testified that Claimant had not fully recovered from his work-related injury when Dr. Giza released him to return to work in March of 1991 on a trial basis. Dr. McCollum opined that Claimant had disc pathology and could not return to his pre-injury job.

Employer offered the deposition testimony of Herbert R. Tauberg, M.D., who examined Claimant on January 6, 1992 and opined that Claimant's injury to his neck and upper back had healed. However, he thought that Claimant had lateral epicondylitis in his right elbow and that Claimant could return to work with limited use of his right upper extremity.

Upon consideration of the evidence, Referee Torrey determined that Referee Vallely in the prior termination proceeding had erred and, contrary to Referee Vallely's finding,[4] found that Claimant was *not* fully recovered from his work-related injury in March of 1991 and that Claimant continues to have neck and thoracic spine pain due to his work-related injury. (Referee Torrey's Finding of Fact, No. 16(b).) However, recognizing that he was without power to review the prior decision under Section 418 of The Pennsylvania Workmen's Compensation Act (Act),[5] Referee Torrey concluded that Claimant *was* fully recovered as of March 8, 1991.[6] Refer-

---

2. The original petition states that Claimant's condition changed on August 27, 1991; however, Claimant amended the date to August 13, 1991 at the November 5, 1991 hearing. (R.R. at 44a.)

3. The initial hearings were held before Referee Rosalia G. Parker; however, the case was then reassigned to Referee David B. Torrey, who presided over the final hearing without objection. (Referee Torrey's Finding of Fact, No. 2.)

4. Referee Vallely rejected Claimant's testimony that he was not fully recovered and found as follows:

> 6. Claimant has fully recovered from his work related injury of November 20, 1990.

(Referee Vallely's Finding of Fact, No. 6.)

5. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 833.

6. Referee Torrey stated as follows:

ee Torrey then denied Claimant's Reinstatement Petition because Claimant failed to prove that his injury recurred after March of 1991. The Board affirmed.

On appeal to this court,[7] Claimant argues that the Board erred in affirming Referee Torrey's denial of his Reinstatement Petition because Claimant satisfied the burden of proof for reinstatement of benefits following a termination as set forth in *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). We agree.

 The burden of proof for reinstatement of benefits following a termination is set forth in *Pieper*:

> the claimant must establish a causal connection between his current condition and the prior work-related injury in order to have benefits reinstated.... To meet this burden, the claimant must establish [1] that his disability has increased or recurred after the date of the prior award, and [2] that his physical condition has actually changed in some manner.

*Pieper* at 32, 584 A.2d at 304. Here, Referee Torrey and the Board reasoned that Claimant did not meet his burden of proof under *Pieper* because, believing that Claimant had *not* fully recovered from his work-related

injury in March of 1991 and that Claimant still remained unrecovered, Claimant could not prove that his condition changed. However, accepting that Claimant had fully recovered in March of 1991,[8] our only inquiry here is whether Claimant's work-related injury has recurred. Because Claimant has shown by the unequivocal medical testimony of Drs. Giza and McCollum that he has continuing back problems due to his prior work-related injury, we conclude that Claimant has established the requisite causal connection between his current condition and his prior work-related injury. (Referee Torrey's Finding of Fact, No. 16(g).)

Accordingly, because Claimant has satisfied his burden of proof under *Pieper*, we reverse.

## ORDER

AND NOW, this 16th day of November, 1995, the order of the Workmen's Compensation Appeal Board, dated December 16, 1994, is reversed.

---

The claimant has persuasively argued that the evidence presented in the prior petition did not properly support termination of benefits. The claimant is correct in this regard. The evidence presented by the employer in the prior petition was sufficient only potentially to suspend benefits, upon a showing of job availability. In the prior case, *based on a review of all the evidence in that case*, there was no showing of job availability, and there was only a medical opinion that claimant could return to work without restrictions (as opposed to the proposition that he had fully recovered).

Accordingly, the claimant is correct that substantial, competent evidence was not produced in the earlier proceeding to support the proposition that termination of benefits as of March 8, 1991 was proper. *In this referee's view, the ultimate termination of benefits in an order circulated October 14, 1991, constituted a manifest error of law.*

Under Section 418 of the Act, 77 P.S. Section 833, however, the findings of fact made by the referee "shall be final, unless an appeal is taken as provided in this Act,".... In this case, the parties agree that the claimant did not take an appeal.... Accordingly, the decision that claimant was fully recovered as of

March 8, 1991, is final and is not subject to review by this referee....

Claimant's request that this referee disregard the prior final finding ... constitutes a collateral attack on a previous, final fact finding. *The fact that the evidence presented in the course of this case persuades this fact finder that termination was not supported by the evidence presented ... does not alter this inevitable legal conclusion.*

(Referee Torrey's Conclusion of Law, No. 3.) (Emphasis added.)

7. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

8. Because Referee Vallely's determination that Claimant had fully recovered in March of 1991 is final and not subject to review, to decide otherwise here would be an error of law.