**Ronnie KEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CHESTNUT HILL HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1996.

Decided March 13, 1996.

Kathy Kennedy, for Petitioner.

Lisa D. Eldridge, for Respondent.

Before SMITH and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Claimant Ronnie Key petitions for review of the March 24, 1995 order of the Workmen's Compensation Appeal Board (Board) affirming as modified the October 27, 1993 decision of Workers' Compensation Judge (WCJ) Martin Burman to grant Claimant's reinstatement petition and Employer's petition to review medical bills. The Board modified WCJ Burman's decision so as to require payment of all Claimant's medical expenses, whether unreasonable or unnecessary, until August 31, 1993.[1] Thereafter, the Board ordered Employer Chestnut Hill Hospital to submit any causally related medical expenses to utilization review in accordance with Section 306(f.1)(6)(i) of the Workers' Compensation Act (Act),[2] effective August 31, 1993.

The primary issue before us is whether the Board erred in determining that the utilization review process for health care provider treatment of workers' compensation claimants set forth in Section 306(f.1) of the Act was applicable where the employer initially only petitioned for review of the claimant's treatment bills under the former section of the Act, but did not instigate proceedings under the utilization review process until after the Board's March 24, 1995 decision.

### Background

On February 2, 1988, Claimant suffered a work-related injury to his lower back. Pursuant to WCJ Burman's February 11, 1991 decision, Claimant began receiving disability benefits of $231.75 from February 9, 1988 to April 26, 1988 at which time benefits were to be suspended. Neither party appealed from that decision.

On March 9, 1991, Claimant filed a reinstatement petition, therein alleging that his disability changed as of July 1988 to the extent that he was unable to perform light-duty work. On March 16, 1991, Employer filed a termination petition, therein alleging that Claimant could return to medium-duty work as of July 11, 1990. On June 6, 1990, Employer also filed a petition to review medical bills, therein alleging that it should not be responsible for paying Claimant's physical therapy modality treatment as of June 11, 1990.[3]

Consolidating the three petitions, WCJ Burman found that Claimant had not fully recovered from his previous work injury and was entitled to a reinstatement of benefits as of July 1988 when Employer withdrew its offer of light-duty work. Further, he found that Employer had sustained its burden of proving that Claimant's physical therapy modality treatment was unreasonable and unnecessary as of June 11, 1990, and therefore, not reimbursable. Thus, WCJ Burman granted Employer's petition to review medical bills. Claimant appealed the WCJ's decision to the Board.

Stating that it believed this issue to be one of first impression, the Board modified the WCJ's decision as per its understanding that the Act's former provision,[4] requiring that all

---

1. WCJ Burman had ordered Employer to pay all of Claimant's reasonable and necessary medical expenses, except for any physical therapy modality treatment rendered after June 11, 1990.

2. (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. . . .
Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6)(i).

3. Employer filed its petition under the former medical treatment review section of the Act, Section 306(f)(2)(ii), which provided as follows:
(ii) The employer shall have the right to petition the department for review of the necessity

---

or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.
77 P.S. § 531(2)(ii).

4. In *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc. and PMA Group)*, 163 Pa.Cmwlth. 468, 641 A.2d 655 (1994), we considered the Act's former provision and reiterated the general principles that an employer must continue to pay a claimant's medical expenses during the pendency of a petition for review of medical bills and that a WCJ could not

causally related medical bills be paid through the date of the WCJ's decision, was eliminated and replaced with the new provision, affording Employer an opportunity to seek utilization review of all causally related medical bills incurred as of August 31, 1993 when the Act's new provision became effective. Claimant filed a timely petition for review of the Board's order with this Court.

## Issues

█ Claimant raises two issues for review: 1) whether the Board erred in applying Section 306(f.1), the new provision, where there is no evidence of record that Employer ever filed a utilization review with the Bureau of Workers' Compensation (Bureau);[5] and 2) whether the Board's application of Section 306(f.1) deprives Claimant of his constitutional rights. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Cmwlth. 288, 572 A.2d 843 (1990).

## Discussion

*1. Waiver of Section 306(f.1):*

█ Claimant concedes that, given the August 31, 1993 effective date of Section 306(f.1), it "was effective and thereby the current law"[6] as of the WCJ's October 27, 1993 decision and the Board's March 24, 1995 decision.[7] He argues, however, that the Board erred in concluding that the new pro-

vision was applicable because Employer never raised its rights pursuant to Section 306(f.1) before the WCJ.[8]

Claimant further contends that, since a tribunal in a workers' compensation proceeding is empowered only to grant such relief as a defendant actually requests,[9] the Board erred in relieving Employer from payment of Claimant's medical bills since there is no evidence of record that Employer ever filed a utilization review of medical bills with the Bureau pursuant to Section 306(f.1). Claimant thus argues that the Board should have applied the law as it existed prior to the Act's 1993 amendment, that it should have required Employer to pay medical benefits for the period of September 1, 1993 to October 27, 1993 and that it should not have implicitly approved Employer's unilateral suspension of payment of medical benefits.

Employer in its brief readily concedes that it did not file a petition for utilization review pursuant to Section 306(f.1) during the pendency of this matter before WCJ Burman, but notes that it did file such a petition shortly after the Board's decision. (Employer's Brief at 8–9.) Further, it contends that, given the existence of the utilization review process, the Board obviously did not want to deprive Employer of the benefit of the new procedural change to the Act. Thus, Employer argues that the Board correctly decided that Section 306(f.1) was applicable even though it never raised that section before either tribunal.

---

retroactively terminate a claimant's medical expenses.

5. In his brief, Claimant notes that he is withdrawing the argument set forth in his petition for review that the Board erred in applying Section 306(f.1) retroactively. (Claimant's Brief at 6, n. 1.) His concern now is the absence in the record of this case of Employer's filing of proceedings under the utilization review process subsequent to the Board's March 24, 1995 decision.

6. (Claimant's Brief at 11.)

7. In *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 n. 3 (Pa.Cmwlth.1995), this Court considered the applicability of the 1993 amendments and Section

422's new "reasoned decision" requirement. We noted that, since the WCJ issued his decision on March 11, 1994 after the August 31, 1993 effective date of the amendments, the amended provision was applicable to the claimant.

Here, given the dates of the respective tribunals' decisions, October 27, 1993 and March 24, 1995, Section 306(f.1) would have similarly been applicable.

8. *Creighan v. Workmen's Compensation Appeal Board (Mellon Stuart Corp.)*, 154 Pa.Cmwlth. 620, 624 A.2d 680 (1993) (an issue not raised before the WCJ cannot be raised before the Board).

9. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990).

In support of its decision to apply Section 306(f.1), the Board stated as follows:

> Our reasoning is based on the fact that [Employer] had the right to seek utilization review of all medical bills incurred as of August 31, 1993. If we were to hold otherwise, we would be denying [Employer] and Claimant of the exact procedure which is now available to it since August 31, 1993.

(Board's Opinion at 5.)

Additionally, the Bureau in the August 28, 1993 Pennsylvania Bulletin notice designed to give timely guidance to employers, employees and insurers, stated its position that the new utilization review procedures would only be applied to bills for treatment rendered after August 31, 1993. Pa.Bull. Vol 23, No. 35, August 28, 1993, 4186. The Bureau also noted therein that the notice was only temporary in nature, that it did not constitute a rule or regulation with the force and effect of law and that the Department intended to promulgate such rules and regulations as soon as possible.

Even though the Bureau promulgated July 1994 Proposed Rulemaking that would govern utilization review,[10] the regulations were not yet adopted as of March 1995 when the Board issued its decision and when Employer presumably filed its utilization review action. *Chubb Group of Insurance Companies v. Department of Labor and Industry, Bureau of Worker's Compensation*, 655 A.2d 205, 206 n. 2 (Pa.Cmwlth.1995); Torrey, Pennsylvania Workers' Compensation: Law and Practice, Section 14.35 (1995). Thus, employers such as the one here, with cases overlapping the old and new versions of the Act, had little guidance as to the avenues available to them with regard to health care provider treatment bills.

Accordingly, we conclude that, even though Employer failed to raise Section 306(f.1) before either the WCJ or the Board and also failed to file a utilization review until after the Board's decision, it preserved its challenge to Claimant's medical bills by filing its June 6, 1990 petition for review of medical bills under the former medical claims review provision, Section 306(f)(2)(ii). *See Thomas v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 153 Pa. Cmwlth. 560, 621 A.2d 1192 (1993) (holding that an employer failed to raise an issue as to whether certain of a claimant's medical expenses were reasonable or necessary because it did not file a petition for review or any other pleading that would have put claimant on notice that those particular expenses were being challenged). Here, Employer's June 6, 1990 petition for review of medical bills under the former section put Claimant on notice that Employer was challenging certain of his medical bills.

Further, we conclude that, given the lack of specific guidance for workers' compensation parties and the principle that we should give judicial deference to an agency's interpretation of the law that it is beholden to apply,[11] the Board did not err in determining that Employer was to submit any causally related medical expenses incurred after August 31, 1993 to the utilization review process pursuant to Section 306(f.1) of the Act.

## 2. *Claimant's Constitutional Rights:*

■ Relying heavily on *Baksalary v. Smith*, 579 F.Supp. 218 (E.D.Pa.1984), Claimant argues that the Board's application of Section 306(f.1) violated his constitutional rights. In *Baksalary*, the United States District Court for the Eastern District of Pennsylvania considered the constitutionality of the unilateral supersedeas provision found in Section 413 of the Workers' Compensation Act, which dealt with the right of a claimant to receive compensation between the time an employer or an insurer petitioned for termination or modification of benefits and the time the WCJ made a final determination. The District Court held that the plaintiffs made out a violation of 42 U.S.C. § 1983, in large part, because Section 413 provided no notice whatsoever to claimants until after termination of their benefits and no opportunity to submit any evidence or argument before termination.

---

**10.** Pa.Bull. Vol 24, No. 30, July 23, 1994, 3669 et seq.

**11.** *Kushner v. Commonwealth,* 160 Pa.Cmwlth. 244, 634 A.2d 786 (1993).

In the case before us, Claimant contends that an employer's filing of a petition for utilization review under Section 306(f.1) of the Act suspends its obligations to pay medical bills and therefore, effectively provides for an automatic supersedeas similar to the one found to be unconstitutional in *Baksalary*.[12] Reiterating some of the *Baksalary* claimants' arguments, Claimant argues that a claimant has no avenue to contest application of the automatic supersedeas other than his defense to the merits of the petition for utilization review and that, even if a claimant ultimately has his medical benefits restored retroactively, because of the supersedeas, he can be without medical benefits from the time the defendant files the initial request for utilization review until a WCJ ultimately decides the case. Thus, Claimant argues that, because of the automatic supersedeas, the pattern of medical treatment could be altered such that a claimant would suffer a deprivation not recompensable by a subsequent award of retroactive benefits.

We must conclude that the alleged unconstitutionality of Section 306(f.1)'s supersedeas provision, if any,[13] is simply not before us in this context. There is nothing of record in this case pertaining to the effect of the alleged automatic supersedeas on Claimant and the constitutional issue simply was not raised or adequately briefed. If any constitutional challenge was raised at all, it must be considered in the context of the utilization review proceedings or under Section 1983 of the Civil Rights Act as in *Baksalary*.[14]

### Conclusion

For the above reasons, we hereby affirm the March 24, 1995 order of the Workmen's Compensation Appeal Board.

### ORDER

AND NOW, this 13th day of March, 1996, the order of the Workmen's Compensation Appeal Board dated March 24, 1995, is hereby affirmed.

---

**12.** Under the former section, Section 306(f)(2)(ii), the Legislature made it very clear that a petition for review of medical bills "shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills...." 77 P.S. § 531(2)(ii).

**13.** We note that there is no agreement among workers' compensation commentators as to whether a WCJ has supersedeas powers related to health care provider expenses under the 1993 amendments to the Act.

**14.** *But see Sullivan v. Barnett,* 913 F.Supp. 895 (E.D.Pa.1996).