# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| County of Bucks, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | Nos. 531 C.D. 2023 |
| | : | 658 C.D. 2023 |
| Megan Brock | : | Submitted: August 9, 2024 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE MATTHEW S. WOLF, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                          FILED: July 17, 2025

      The County of Bucks (County) appeals two orders of the Court of Common Pleas of Bucks County (trial court) entered April 28, 2023.[1] The trial court's orders, in relevant part, imposed sanctions in the amount of $1,500.00 each on the County for its bad faith denial of public records to Megan Brock (Requester) pursuant to Section 1305(a) of the Right-to-Know Law (RTKL).[2] The County argues that the trial court erred as a matter of law in finding that the County acted in bad faith,

---

[1] The trial court issued separate orders at Docket Nos. 2022-02979 and 2022-03083. As discussed below, the matter docketed at No. 2022-02979 stems from two, closely related requests for records submitted by Requester. The matter docketed at No. 2022-03083 stems from a third request submitted by Requester. While the orders dispense with the requests separately, they are accompanied by a single decision, where the trial court handles the matters jointly. The County filed appeals from both orders, which we consolidated in a September 22, 2023 Order.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.1305(a).

awarded sanctions without the support of competent evidence, and improperly denied the County's request to supplement the record with evidence to rebut the charge of bad faith. After review, we affirm.

## I. Background

### A. First & Second RTKL Request

These cases arise from Requester's RTKL requests to the County seeking electronic communications relating to the County's Health Department School Guidance and COVID-19 Amended School Guidance. Requester filed her first request (First Request) on February 6, 2022, seeking

> [c]opies of any/all electronic correspondence, records, and attachments sent/received by Eric Nagy to any/all of the following: Diane Ellis-Marseglia, Bob Harvie, Larry King, Gail Humphrey, and David Damsker from 8/10/2021 to 8/28/2021, on the buckscounty.gov domain. I am requesting records containing: 1. Any/all communications about Bucks County Health Department School Guidance, including but not limited to guidance amended in reaction to the 8/23/2021 letter from Alison Beam. 2. Any/all communications about the PA DOH and 8/23 letter from Alison Beam.

Reproduced Record (R.R.) at 13a.

After invoking a 30-day extension pursuant to Section 902 of the RTKL, 65 P.S. § 67.902, the County issued a denial of the First Request in its entirety. *Id.* at 15a. Therein, the County stated that any potentially responsive records were withheld pursuant to the RTKL's exemptions for personal identification

2

information,[3] agency predecisional deliberations,[4] agency statements of policy,[5] and the attorney-client privilege. *Id.* at 15a-16a.

On March 8, 2022, Requester submitted a second request (Second Request) to the County seeking

> a copy of the email or emails that was/were sent to Margaret McKevitt on 8/23/2021 on the buckscounty.gov domain, which contained the final copy of the Bucks County Covid-19 Amended School Guidance, which was then sent to Mark Hoffman. Please include any/all responses and/or correspondence to/from this email, between Ms. McKevitt and the sender. If any parts of email must be redacted, please at minimum provide the subject line of any emails as well as the recipients and/or senders.

R.R. at 17a. The following day, the County granted the Second Request in part and denied it in part. *Id.* The County attached two responsive emails (and an attachment), all of which contained redactions, and stated that "responsive emails have been redacted or withheld" pursuant to the RTKL's exemptions for personal identification information, agency predecisional deliberations, agency statements of policy, and the attorney-client privilege. *Id.*

---

[3] *See* 65 P.S. § 67.708(b)(6)(i)(A) ("A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.").

[4] *See* 65 P.S. § 67.708(b)(10)(i) ("A record that reflects: (A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.").

[5] *See* 65 P.S. § 67.708(b)(9) ("The draft of a bill, resolution, regulation, statement of policy, management directive, ordinance or amendment thereto prepared by or for an agency.").

Requester appealed the denial of the First Request, and partial denial of the Second Request to the OOR. In her appeals, she submitted that

> [t]he requested records are public records in the possession, custody or control of the agency; the records do not qualify for any exemptions under § 708 of the RTKL, are not protected by a privilege, and are not exempt under any Federal or State law or regulation; and the request was sufficiently specific.

R.R. at 31a, 49a. Requester also stated that the County improperly withheld entire documents without providing a redaction log. *Id.* at 50a. She asked for the County to provide a log of all withheld documents and that the OOR perform an *in-camera* review thereof. *Id.*

The OOR consolidated Requester's appeals and invited the parties to supplement the record. In support of its denial and partial denial, the County submitted an affidavit of its Open Records Officer Robbie L. Cain, Esquire (Officer Cain). Therein, Officer Cain stated:

> 19. In conducting the search for records for the underlying requests [], the [County] conducted thorough email searches using the search terms listed in [Requester's] request.
>
> 20. After the email searches, the emails were reviewed for responsiveness and redacted or withheld, as indicated above, if any RTKL exemptions applied.
>
> 21. In her appeals, [Requester] asserts that the [County] failed to provide a redaction log of all the withheld documents and act[ed] wrongfully and in bad faith. This is not a proper appeal since she did not state which exemptions the agency asserted were improper.

4

22. Section 1101 of the RTKL[, 65 P.S. § 67.1101,] requires Ms. Brock to "address any grounds stated by the agency for delaying or denying the request." She has failed to meet her statutory requirements.

23. Further, where an agency sufficiently explains the basis for nondisclosure through an affidavit, a log is not necessary. *See Chambersburg Area School District v. Dorsey*, 97 A.3d 1281, 1289 (Pa. Cmwlth. 2014).

24. In each of the requests above, the Agency has indicated the exemption that resulted in records being redacted. Thus, no log is required.

25. Additionally, "[u]nder Section 706, the redaction requirement only applies to public records, and if a record falls within one of the exemptions set forth in Section 708, that record is not a public record as defined by Section 102 of the RTKL." *Commonwealth v. Simpson*, 151 A.3d 678, 684-685 (Pa. [Cmwlth.] 2016). Further, "[w]here the whole of a record falls under a Section 708 exemption, redaction is not required." *Id*.

26. To the extent that records were not public records, the Agency properly withheld records.

R.R. at 63a-64a.

Requester submitted a response again alleging that the County wrongfully withheld responsive documents in bad faith and attached five pages of documents that she obtained through a separate RTKL request, which she averred were responsive to the First and Second Requests and should have been produced. Requester renewed her request that the OOR perform an *in-camera* review of the documents at issue to determine whether any of the RTKL exemptions cited by the County actually apply.

Without holding a hearing or performing an *in-camera* review, the OOR issued a final determination on May 27, 2022, granting in part and denying in part

5

Requester's appeals. Preliminarily, OOR rejected the County's argument that Requester's failure to explain which of the asserted exemptions were improper rendered the appeal defective. *Id.* at 69a. OOR explained that Requester met her burden by simply stating that the requested records "do not qualify for any exemptions . . . and are not protected by a privilege." *Id.* OOR then noted that the County could properly redact personal e-mail addresses pursuant to Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A). *Id.* Given that the County appeared to have redacted agency-issued e-mail addresses that are "held out to the public," however, OOR ruled that the County must disclose those addresses. *Id.* at 70-71a (citing *Pa. State Sys. of Higher Educ. v. The Fairness Ctr.* (Pa. Cmwlth., No. 1203 C.D. 2015, filed March 30, 2016), slip op. at 3).

As for the other exemptions asserted by the County, OOR ruled that the County "has not submitted sufficient evidence establishing that the responsive records are exempt from public access." *Id.* at 72a. OOR reasoned that the County's submissions offered no explanation as to which responsive records contain legislative drafts, which records contain an agency's internal, predecisional deliberations, or which records are of privileged communication between the County and its solicitor. *Id.* at 73a. Rather, OOR explained, the County baldly asserted through the Cain Affidavit that it "properly withheld records." *Id.* (citing Cain Affidavit, *id.* at 64a). The County's statements were, in OOR's view, insufficient to meet its burden of proof. *Id.* at 74a. OOR further determined that the County failed to meet its burden of proof that no other responsive records existed, as the Cain Affidavit did not explain "who conducted the search for records, what email accounts were searched[, or] whether the searches and review of records also included any responsive attachments." *Id.* at 75a.

Given the deficiencies in evidence offered, OOR determined that it could not make a finding of a good-faith search for records by County. *Id.* at 75a. However, OOR declined to rule on Requester's allegations of bad faith, noting that "courts, not [] OOR, are the sole arbiter of bad faith findings that result in any sanctions against an agency." *Id.* at 75a-76a (citing Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a)).

### B. Third RTKL Request

On February 6, 2022, Requester submitted a third RTKL request to the County (Third Request). Therein, she sought:

> Copies of any/all electronic correspondence, records, and attachments sent/received by Eric Nagy to/from Margaret McKevitt from 8/10/21 to 8/28/21 on the buckscounty.gov domain containing 1. Any/all communications about the Bucks County Health Department School Guidance. 2. Any/all communications about the letter sent from Allison Beam on 8/23, including but limited to changes and amendments made by the BCHD guidance in response to this letter.

R.R. at 86a. The County partially denied the Third Request, maintaining again that any responsive documents not provided were withheld or redacted pursuant to the RTKL's exemptions for personal identification information, agency predecisional deliberations, agency statements of policy, and the attorney-client privilege. *Id.* at 87a-88a.

Requester appealed the partial denial to the OOR. In her appeal, she stated her belief that the County was intentionally withholding records that should be disclosed, she alleged the County was acting in bad faith, and she requested the OOR hold an *in-camera* review. R.R. at 99a. In response to the appeal, the County submitted another affidavit by Officer Cain that largely mirrored the affidavit filed

7

in response to Requester's appeal of the First and Second Requests. *Id.* at 111a-13a. Requester responded by providing five pages of documents that she avers were obtained through another RTKL request and should have been provided as responsive to her Third Request. She again averred that this shows the County wrongfully withheld documents in bad faith.

Without holding a hearing or performing an *in-camera* review, the OOR issued a final determination on June 3, 2022, granting in part and denying in part Requester's appeal. Therein, OOR again ruled that the County could properly redact personal e-mail addresses but not the public e-mail addresses of County officials. *Id.* at 117a. OOR further determined, once again, that the County had not met its burden of proof that the requested records were properly withheld, as Officer Cain's verbatim recitation of the RTKL's exceptions and bald assertion of attorney-client privilege were inadequate. *Id.* at 119a. Additionally, OOR ruled that the County has not yet proven that no other records exist or established that it has conducted a good-faith search for records. *Id.* at 121a-22a. OOR thus ordered the County to release records responsive to the Third Request, with appropriate redactions, within 30 days. *Id.* at 123a.

### C. County Appeals to Trial Court

The County appealed the OOR's May 27, 2022 and June 3, 2022 final determinations to the trial court. In its appeals, the County maintained that the averments in the Cain Affidavits were sufficient to meet the County's burden of proof that any remaining records in its possession were exempt under the exceptions cited therein. The County also asserted, for the first time, that the Requests could not be satisfied to the extent that they sought e-mail messages that identified "buckscounty.gov" as the domain to be searched. *Id.* That domain, the County

8

argued, did not "contain *any* electronic correspondence or responsive records," because the County's e-mail system is hosted at "buckscounty.**org**." *Id.* at 11a-12a. The County requested an evidentiary hearing, a reversal of the final determinations, and an order declaring that no further action on behalf of the County is necessary.

Requester filed an answer and new matter to the County's appeals asking the trial court to deny the County's request for a hearing, dismiss the appeals, and issue an order directing immediate compliance with the OOR's final determinations. Requester further argued that she was entitled to an award of attorney fees, sanctions of $1,500.00, and a $500-per-day penalty for each day that responsive records are not timely produced. In support of the requests for sanctions, Requester argued that the exemptions asserted by the County in the Cain Affidavits were "not based on a reasonable interpretation of law," and were therefore evidence of bad faith. *Id.* Requester further argued that the County's novel defense regarding the incorrect identification of the e-mail domain was additional evidence of bad faith. The trial court consolidated the County's appeals in an August 1, 2022 order.

On October 31, 2022, the County filed a Motion to Supplement the Record and a Motion for *In-Camera* Review of Records. *See id.* at 315a. Therein, the County argued that it should be afforded an opportunity to submit "an affidavit and privilege log regarding the redactions that are at issue in this matter." *Id.* at 316a. The County further argued that *in-camera* review of the records in question was necessary in order to refute Requester's allegations of bad faith. *Id.* at 317a-18a. Requester responded that both motions should be denied, as the County already had "a full and fair opportunity" to supplement the record before the OOR. *Id.* at 321a. In a December 7, 2022 order, the trial court denied the Motion to Supplement the Record but granted the Motion for *In-Camera* Review of Records. *Id.* at 336a.

9

Accordingly, the County submitted unredacted records to the trial court and a log identifying the basis for withholding each record. *Id.* at 628a-29a.

The trial court heard oral argument on April 20, 2023. *See id.* at 340a. Through counsel, Requester reiterated her position that the OOR gave the County an opportunity to request a hearing or provide evidence in its defense, and that the County simply failed to do so. *Id.* at 343a-44a. In response, the County asserted that Requester has failed to put forth evidence that the County has "withheld anything or [that it] did not do a thorough search of the records." *Id.* at 350a. Requester countered that the County was misstating the relevant evidentiary standard, as requesters have not carried the initial burden of proof in RTKL cases ever since the RTKL's passage in 2008. *Id.* at 353a.

In its April 28, 2023 orders, the trial court granted the petitions for review in part and denied them in part. *Id.* at 356a, 395a. In its accompanying Decision, the trial court undertook a page-by-page analysis of the records submitted for *in-camera* review and compared them to the attached log. *See id.* at 382a. For the First and Second Requests, the trial court reviewed 13 pages of responsive records and concluded that 10 should be released. For the Third Request, the trial court reviewed 26 pages of responsive records and concluded that 10 should be released. The trial court ordered the responsive public records to be disclosed within 10 days. *Id.* at 356a, 395a. In addition, the trial court imposed a monetary penalty of $1,500.00 on the County for its response to the First and Second Requests, and a second $1,500.00 penalty for its response to the Third Request. *Id.* at 393a. The trial court explained that sanctions were "warranted given the County's failure to produce documents which clearly existed, fell within the RTK[L] [r]equests at issue, and were not protected from disclosure by any exemption under the RTKL." *Id.* The County

10

provided the responsive records to Requester but appealed the award of sanctions to this Court.

## II. Issues

On appeal,[6,7] the County argues that the trial court erred as a matter of law by awarding sanctions, as "its findings are not in alignment with prior bad faith findings by Pennsylvania [c]ourts." County's Br. at 15. The County also maintains that the trial court's decision was not supported by competent evidence, as there "is nothing in the record that would establish that [the County's] asserted exemptions were not brought in good faith, were without legal basis[,] or were otherwise untimely asserted." *Id.* at 24. Lastly, the County argues that the trial court's denial of its Motion to Supplement the Record constituted further legal error, as "[p]robative and

---

[6] When a case under the RTKL reaches this Court from a court of the common pleas, our standard of review is limited to determining whether findings of fact are supported by substantial evidence, or whether the lower court committed an error of law or abuse of discretion in reaching its decision. *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011). The scope of our review is plenary. *Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1029 n.3 (Pa. Cmwlth. 2011).

[7] Requester contends in her Brief that the instant appeals should be quashed because of the County's failure to file a Designation of Contents of its Reproduced Record by October 2, 2023, as required by Pa.R.A.P. 2154(a), and because the County did not attach to its Brief the final determinations of OOR or the Trial Court's Order at No. 2022-03083. In response, the County asserts that it "has substantially complied with the Rules of Appellate Procedure," and characterizes its violations as "minor." County's Reply Br. at 2-3.

We agree with the County that the errors are not so severe as to warrant quashal, given that our ability to conduct effective appellate review is not impacted, and that Requester has not explained why the County's errors have resulted in prejudice to her. *See Mulholland v. Workmen's Comp. Appeal Bd. (Bechtel Constr.)*, 669 A.2d 465, 466-67 (Pa. Cmwlth. 1995) (declining to quash appeal for failure to file designation of contents of reproduced record on the basis that "the violations are not of such a magnitude as would preclude the effective exercise of our appellate review"); *Williamson v. Williamson*, 586 A.2d 967, 973 (Pa. Super. 1991) (declining to dismiss appeal where the "parties have not been prejudiced by . . . minor procedural violations").

11

relevant evidence that would complete the record" was thereby wrongly excluded. *Id.* at 28.

### III. Discussion

The RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). Under the RTKL, agency records are presumed to be public records, accessible for inspection and copying by anyone requesting them, and must be made available to a requester unless they fall within specific, enumerated exceptions or are privileged. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1129 (Pa. Cmwlth. 2017). Section 1305(a) of the RTKL provides that a civil penalty of up to $1,500.00 may be assessed against an agency that has "denied access to a public record in bad faith." 65 P.S. § 67.1305(a). As the factfinder, a trial court may impose such penalties upon an agency after it has made relevant factual findings supporting its determination of bad faith. *Uniontown Newspapers, Inc. v. Dep't of Corr.*, 197 A.3d 825, 835-36 (Pa. Cmwlth. 2018).

Here, the County initially responded to all three Requests with a recitation of three of the RTKL's enumerated exceptions and a bald assertion of attorney-client privilege. Its responses included no explanation of which exception or exceptions applied to any specific documents. Although the County did release some records responsive to the Second and Third Requests in redacted form, it did not explain the basis of those redactions, or why it redacted information readily available on the County's website. On appeal to the OOR, the County submitted the Cain Affidavits, which, again, recited three RTKL exceptions verbatim without explaining which records were redacted or withheld under any of those exceptions. Also before OOR,

12

the County failed to produce evidence that any of the withheld records comprised privileged communications between the County and its solicitor. The County additionally failed to explain why responsive documents provided to the Requester through previous RTKL requests were not included in the initial release, and why the County later failed to include those documents in the records submitted to the trial court for *in-camera* review. For the foregoing reasons, among others, the trial court found that the County "failed to comply with its statutorily mandated obligations under the RTKL in a number of ways," and imposed sanctions for bad faith. *Id.* at 682a. The County maintains that the trial court's conclusion was legally erroneous and unsupported by substantial evidence.

### A. Legal Standard

First, we address the County's contention that the trial court failed to apply the proper legal definition of bad faith. In the context of the RTKL, "bad faith" does not require a showing of fraud or corruption. *Uniontown Newspapers, Inc. v. Dep't of Corr.*, 185 A.3d 1161, 1170 (Pa. Cmwlth. 2018). Rather, the lack of good-faith compliance with the RTKL and an abnegation of an agency's mandatory duties are sufficient for a showing of bad faith. *Id.* This Court has observed that Section 1305(a)'s purpose "is not to remedy harm to a party but to penalize conduct of a local agency and to provide a deterrent in the form of a monetary penalty in order to prevent acts taken in bad faith in the future." *Bagwell*, 155 A.3d at 1141. A determination of whether an agency acted in good faith or bad faith is predicated "not on the mental state of the actor," but on "the actions taken by the agency." *Id.*

Instantly, the County maintains the trial court applied an erroneous legal standard, as the RTKL limits the imposition of sanctions to "the most egregious cases of bad[-]faith misconduct." County's Br. at 19. To support this contention,

13

the County surveys several cases where this Court has either imposed sanctions or affirmed a lower court's award of sanctions and observes that such cases are characterized by conduct that is "deliberate," "intentional," or "willful." *Id.* at 13-14. Instantly, the County argues, "there is nothing in the record below to support the findings of bad faith which would warrant sanctions." *Id.* at 14. The County maintains that "extensive good faith efforts were made to identify the records sought," and attributes any mistakes in its responses to "mere administrative oversight or disputed, good[-]faith judgments in applying the [RTKL] to individual requests." *Id.* at 19.

The County's argument is unavailing. First, there is no legal authority for the assertion that the RTKL restricts sanctions to only the most extreme cases of bad-faith conduct. To the contrary, Section 1305(a)'s plain language expressly authorizes the imposition of sanctions for *any* denial of records done in bad faith. Furthermore, the County's contention that our case law requires a showing of deliberate, intentional, or willful conduct is flatly contradicted by precedent. As noted, this Court has held "the mental state of the actor" to be an irrelevant factor in the determination of whether an agency responded to an RTKL request in good faith. *Bagwell*, 155 A.3d at 1141. We therefore see no error in the legal standard applied by the trial Court.

### B. Sufficiency of the Evidence

Next, we address the County's contention that the trial court's conclusion that the County acted in bad faith lacks evidentiary support. As noted, a court awarding costs, fees, or penalties under the RTKL "must make factual findings in support of its conclusion that the . . . agency has acted in bad faith." *Bagwell*, 155 A.3d at 1140. Such findings must be supported by substantial evidence, which this Court has

14

defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dep't of Env't Res. v. Borough of Carlisle*, 330 A.2d 293, 298 (Pa. Cmwlth. 1974). This Court cannot upset a trial courts' credibility determinations or reweigh the evidence to reach a contrary finding; rather, we must simply determine whether substantial evidence supports the trial court's decision. *Kyziridis v. Off. of Northampton Cnty. Dis. Att'y*, 308 A.3d 908, 914-15 (Pa. Cmlwth. 2024).

The County offers three arguments in support of its contention that the trial court's conclusions are not adequately supported. First, the County observes that the records identified in the Requester submissions "had already been produced to [Requester] in the course of [Requester's] 85 prior [RTKL] requests." *Id.* at 22. The County contends that the records' prior release was precisely why it did not bother to include them in the initial responses to the First, Second, or Third Requests, and that it would have explained this to the trial court had it been granted an opportunity to supplement the record.

This argument is unavailing. The County's explanation for why it failed to release the documents identified in the Requester submissions strains credulity, mainly because the County has not mentioned this explanation at any previous stage in the litigation. Most notably, the Motion to Supplement the Record did not mention the County's intent to provide evidence supporting the claim only now being made. *See* R.R. at 315a-18a. Thus, even if we accepted the County's explanation as valid, it is an insufficient basis for disturbing the trial court's factual findings.

Second, the County contends that a determination of bad faith is untenable in light of the trial court's finding that the County properly withheld some of the

records pursuant to the RTKL's enumerated exceptions or attorney-client privilege. County's Br. at 25.

We disagree with the County in this regard, as there is nothing in the RTKL or its case law requiring that an agency must have *only* acted in bad faith before sanctions are imposed. The fact that the County justifiably withheld some records is irrelevant to the trial court's finding that the County also failed "to produce documents which clearly existed, fell within the RTK[L] [r]equests at issue, and were not protected from disclosure by any exemption under the RTKL." R.R. at 393a.

Third, the County argues that its initial responses to Requester's Requests satisfied the County's obligations under the RTKL. The County explains that there is no statutory requirement to furnish a requester with "a detailed accounting of each record withheld along with the basis for each record being withheld." County's Br. at 26. Rather, Section 903(1) of the RTKL, 65 P.S. § 67.903(1), only requires agencies to state the "specific reasons for the denial, including a citation of supporting legal authority." The County argues that the RTKL exceptions recited in response to Requester's Requests were sufficient to meet Section 903's standard. It further maintains that a "wholistic evaluation" of the proceedings below shows that the County made good faith efforts to comply with Requester's Requests.

This argument, too, is unpersuasive. While the trial court does cite the County's initial responses as an example of noncompliance with the RTKL in its 1925(a) opinions, the Decision accompanying the April 28, 2023 orders focuses on other conduct that the trial court found to constitute bad faith, such as the County's failure to produce responsive records to the trial court for *in-camera* review (as shown by documents received by Requester through other RTKL requests), and the

16

bases unreasonably cited for the County's withholding of other responsive records. The trial court's factual findings are sufficient to support its ultimate conclusion that the County acted in bad faith, and this Court declines to reevaluate such a determination. In sum, and contrary to the County's assertion, a wholistic evaluation of the record below supports the trial court's findings that the County acted in bad faith.

### C. Completeness of the Record

Lastly, the County maintains that the record in this matter remains "incomplete" due to the trial court's denial of the County's Motion to Supplement the Record. County's Br. at 28. Since the RTKL designates trial courts as factfinders, the County reasons that trial courts "must be able to expand the record . . . to fulfill their statutory role" in the RTKL process. *Id*. The County further maintains that the trial court's denial of its request to supplement the record raises due process concerns, as it deprived the County of "notice and an opportunity to be heard." *Id.* at 31 (citing *Highmark, Inc. v. Voltz*, 163 A.3d 485, 490 (Pa. Cmwlth. 2017)).

Once again, the County's argument is lacking in merit. In *Highmark*, cited by the County, we *rejected* the argument that parties must have an opportunity to expand the record at any stage, and held specifically that "it is the parties' burden [before the OOR] to submit sufficient evidence to establish material facts." 163 A.3d at 491. The County had an opportunity to introduce new evidence before the OOR and chose not to take advantage of that opportunity. While the trial court indeed had the authority to expand the record, the County fails to cite any legal authority for the proposition that it had an *obligation* to do so. The trial court's denial of the Motion to Supplement the Record was within its discretion. We further

17

note that the denial was entirely appropriate in this case, as we have held previously that "lack of evidence, when the parties and participants had a full opportunity to submit evidence to [the OOR], is not a valid reason for supplementing the record." *Mission Pa., LLC v. McKelvey*, 212 A.3d 119, 129 (Pa. Cmwlth. 2019).

## IV. Conclusion

The trial court's finding of bad faith by the County employed the correct legal standard and is supported by substantial evidence of record. Additionally, the trial court had no obligation to supplement the record after the County had an opportunity but failed to do so before the OOR. Discerning no legal error or abuse of discretion, we affirm the trial court's orders.

_____
MATTHEW S. WOLF, Judge

18

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| County of Bucks, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | Nos.  531 C.D. 2023 |
| | : | 658 C.D. 2023 |
| Megan Brock | : | |

# O R D E R

AND NOW, this 17th day of July 2025, the orders of the Court of Common Pleas of Bucks County in the above-captioned matter, entered April 28, 2023, are hereby AFFIRMED.

_____
MATTHEW S. WOLF, Judge
